**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-7316

RICARDO GEORGE CAREY, a/k/a Ricki,
a/k/a Ruboy, a/k/a Ron Smith,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                               No. 96-7317

ANTHONY STREET,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-94-156-F)

Argued: May 8, 1997

Decided: August 18, 1997

Before NIEMEYER and MOTZ, Circuit Judges, and
FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Motz and Judge Faber joined.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Jr., Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant Carey; Alice Carson Stubby, STUBBY, PERDUE & AKERS, Raleigh, North Carolina, for Appellant Street. Anne Margaret Hayes, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Janice Mackenzie Cole, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

NIEMEYER, Circuit Judge:

Pursuant to a plea agreement to cooperate with the government, Ricardo Carey and Anthony Street supplied important information to the government about a drug conspiracy that the government was then investigating, but they did so more than one year after they were sentenced for their own drug-related crimes. The government promptly filed a motion under Federal Rule of Criminal Procedure 35(b) to reduce their sentences, arguing that Rule 35(b) as interpreted in light of the Advisory Committee Note excuses its late filing because the investigation on which Carey and Street cooperated could not have been undertaken in time and that therefore they could not have cooperated within one year of their sentences. The district court refused to consider the motion, however, relying on the strict language of Rule 35(b) to conclude that considering the motion would be beyond its jurisdiction. We affirm.

I

Pursuant to a plea agreement, Carey and Street pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine in the Raleigh, North Carolina area during a ten-month period in 1992. Carey was sentenced to 218 months imprisonment on July 5, 1995, and Street to 292 months on June 1, 1995. Also pursuant to their plea agreement, Carey and Street agreed to provide assistance to the government in connection with other prosecutions.

2

On July 8, 1996, a few days <u>more</u> than one year after Carey and Street were sentenced, the United States Attorney for the Eastern District of North Carolina began a new drug-related investigation based on information supplied by the Drug Enforcement Agency in Miami, Florida. At that time, and for the first time, the United States Attorney learned that Carey and Street could be of assistance in prosecuting the new target. She promptly filed a motion under Federal Rule of Criminal Procedure 35(b) for a downward departure of Carey's and Street's sentences in anticipation of their substantial assistance, relying on U.S.S.G. § 5K1.1, and requested that the court hold disposition of the motion in abeyance until the extent of the defendants' cooperation could be assessed. Explaining the late filing of the motion, she stated, "even though one year has passed since the defendants' sentences, there was not an investigation of this new target until July 8, 1996. Therefore, the defendants could not have assisted until this time."

The district court denied the motion, holding that Rule 35(b) did not apply where the information sought had been known by the defendants before the expiration of one year. It concluded that it had "no authority under the law to consider the Government's Rule 35 motion under the circumstances presented." The district court rejected the parties' argument that the Advisory Committee Note to Rule 35(b) authorized a reading that would allow the late motions for any reason where a defendant's assistance "could not have" been provided within one year. The court explained, "The rule itself, the authority which binds the court, supports the court's reading of the Advisory Committee Note" that motions made beyond one year can be considered only when a defendant's assistance involves information <u>not known</u> until one year or more after sentencing.

While Carey and Street have appealed the district court's ruling, we have the anomalous situation where the government, even though appearing as appellee, joins the appellant in arguing that the district court's decision should be reversed.

II

Federal Rule of Criminal Procedure 35(b) authorizes the court, on the motion of the government, to reduce a sentence to reflect a defendant's substantial assistance, provided that the motion is "made within

3

one year after the imposition of the sentence." The rule also authorizes a relaxation of the one-year limitation as follows:

> The court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence.

Fed. R. Crim. P. 35(b). Thus, if substantial assistance forming the basis of a downward departure motion involves information or evidence that the defendant knew within the one-year period after his sentencing, he is not entitled to have the one-year limitation relaxed.

The parties agree that the information available from Carey and Street was known by them within the one-year period after their sentencing and that therefore a literal reading of the rule would bar any downward departure based on a motion filed more than one year after their sentencing. Both the government and Carey and Street argue, however, that such a literal interpretation would frustrate the spirit, purpose, and policy of the rule, denying both the government and the defendants the benefits intended by the rule. They urge accordingly that the rule be construed to authorize a downward departure where a defendant could not have cooperated with the government within the one year. Both the government and Carey and Street argue that the Advisory Committee Note to Rule 35 supports their relaxed reading of the rule, a position adopted by the First Circuit in United States v. Morales, 52 F.3d 7, 8 (1st Cir. 1995) (holding that a defendant does not "know" information within the meaning of Rule 35(b) "until becoming aware of its value or being specifically asked").

We recognize the appeal of the argument in which both parties join, that a liberal reading of Rule 35 would serve the government's interest in obtaining the defendants' cooperation to be able to bring other law breakers to justice and the defendants' interest in receiving reduced sentences. Insofar as the policy of Rule 35 applies to the parties, therefore, their interpretation of Rule 35 would yield a win-win result. The argument, however, overlooks any purpose that the rule might serve beyond the immediate interests of the parties now before us. If the rule had only intended to further the policy of cooperation

4

in exchange for sentence reductions, it would not have imposed the one-year limitation. That policy would be served with equal force two or three years after sentencing or without regard to the time passed since sentencing.

While Rule 35 includes the policy of rewarding cooperative defendants, the one-year limitation reflects the rule's additional policy of bringing finality to sentencing at some point in time and of frustrating manipulation by defendants. When Congress enacted the Sentence Reform Act of 1984, Pub. L. No. 98-473, it provided truth in sentencing, responding in large part to public skepticism that defendants' sentences are never fully served. The one-year limitation in Rule 35(b) serves a similar purpose of ending the sentence negotiation process and finalizing the length of a defendant's sentence.

The one-year limitation also provides an incentive to defendants to come forward promptly with all that they know about illegal conduct, regardless of whether they appreciate its value to the government. And, as the district court noted, it guards against sentencing manipulation by defendants:

> This time constraint guards against the danger of defendants, seeking only to assist themselves, returning to the Government years after their sentencing with stale or even fabricated information about other criminal activity.

Whether we agree with all of the policy considerations or whether the rule effectively addresses them, we are bound to apply the rule in the manner in which it is written. See Marex Titanic, Inc. v. Wrecked and Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993) (confining interpretation of civil rule to plain meaning of the text).

The parties argue further that the rule's language should be interpreted in light of the Advisory Committee Note to the rule. When that note is considered, they argue, the rule would properly be interpreted to relax the one-year limitation when the defendants' assistance "could not have been" rendered within the one-year period. The Advisory Committee Note to Rule 35(b) provides in relevant part:

5

[Rule 35(b)] also recognizes that there may be <u>those cases</u> where the defendant's assistance or cooperation may not occur until after one year has elapsed. <u>For example</u>, the defendant may not have obtained information useful to the government until after the time limit has passed. <u>In those instances</u>, the trial court in its discretion may consider what would otherwise be an untimely motion <u>if the government establishes that the cooperation could not have been furnished within the one-year time limit</u>. In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.

Fed. R. Crim. P. 35(b) Advisory Comm. Note to the 1991 amendment (emphasis added). They argue that the third sentence, stating that an otherwise untimely motion may be considered "if the government establishes that the cooperation <u>could not</u> have been furnished within the one-year time limit," is not constrained by the second sentence, which parrots the rule, but rather refers to the first sentence. In other words, they argue that "[i]n those instances" refers back to "those cases" in the first sentence, not to the "example" given in the second sentence. Thus, they conclude that the untimely motion is authorized by the rule if "the cooperation <u>could not have been</u> furnished within one-year" for whatever reason.

The parties' argument is a grammatically rational interpretation of the Advisory Committee Note, but it is not the only interpretation. The note could also be construed to mean that the third sentence is constrained by the second which provides the example of a permissibly late motion -- when the defendant has obtained information useful to the government "after the time limit had passed."

If the Advisory Committee Note was the authority controlling this case, its ambiguity might be resolved in favor of the policy arguments and legislative history which the parties have called to our attention. But the Advisory Committee Note is not the law; the rule is. Accordingly, if the Advisory Committee Note can be read in two ways, we must read it, if we consult it at all, in a manner that makes it consistent with the language of the rule itself, and if the rule and the note conflict, the rule must govern. Because the rule on the issue before

6

us is unambiguous, we need not even consult the note to determine the rule's meaning.

The rule unambiguously provides that the one-year limitation may be relaxed only where the information provided by the defendant was "not known by the defendant until one year or more after the imposition of sentence." See also Fed. R. Crim. P. 45(b) (court may not extend Rule 35 time period except as provided in Rule 35). This language does not allow for an interpretation that the one-year period may be relaxed when the information was known during the one-year period but that the cooperation could not have been provided until more than one year, for whatever reason.

While the interpretation we apply may frustrate those policies serving the parties, i.e. to reward a defendant's coming forward in exchange for a sentence reduction in circumstances where the government could not use the information during the one-year period, it furthers the policy of establishing finality and certainty in sentencing and in precluding the possible manipulation of sentences. Moreover, under the interpretation urged by the parties, the government would be allowed to make a Rule 35 motion whenever it determined that the defendant had provided assistance in a timely manner, no matter how long after the sentencing and no matter when the information was acquired. Rule 35(b) does not authorize such broad discretion. On the contrary, it reflects a balance between the policies argued for by the parties in this case and the countervailing public interest in the finality and certainty of sentencing. While the parties propose what looks like a rational balance between those countervailing interests, we must apply the authoritative balance embodied in the text of Rule 35(b) itself.

For the reasons given, we decline to follow the First Circuit, which held that "until becoming aware of its value , or being specifically asked, a defendant cannot be said to `know' useful information." Morales, 52 F.3d at 8 (emphasis added). The unambiguous text provides a one-year limitation with respect to information known to the defendant, without regard to its usefulness or the defendant's knowledge of its usefulness. Accordingly, we affirm the judgment of the district court. See also United States v. Evans , No. 95-5144, 1996 WL 167484 at *5 (10th Cir. Apr. 10, 1996) (rejecting "out of hand" an

7

argument based on <u>Morales</u> because of its clear conflict with the plain language of Rule 35); <u>cf</u>. <u>United States v. McDowell</u>, ___ F.3d ___, 1997 WL 348894, at *5 n.7 (7th Cir. 1997) (noting First Circuit's "expansive" and "non-literal" reading of Rule 35 in <u>Morales</u>).

<u>AFFIRMED</u>

8