KRAVITCH, Senior Circuit Judge,
concurring specially:
I agree with the majority that Rule 35(b) is drafted so narrowly that it must be read to preclude jurisdiction in this case. I write separately, however, to emphasize that this result contradicts Congress’s purpose in providing for discretionary sentence reductions if the defendant immediately provides the government with information that assists the government substantially in prosecuting other criminals. Rule 35, as written, discourages minor participants in large criminal operations from divulging key information about their cohorts, knowing that the government may choose or may be forced to wait to use the information until the time limit for any possible sentence reduction has passed.
As other courts that have considered Rule 35(b) have noted, the purpose of the rule is to encourage defendants immediately to provide full disclosure about criminal operations of which they have knowledge. See United States v. Morales, 52 F.3d 7, 8 (1st Cir.1995) (“Manifestly, the purpose for denying value to retained knowledge is to induce immediate full disclosure.”); United States v. Carey, 120 F.3d 509, 512 (4th Cir.1997), cert. denied, — U.S. -, 118 S.Ct. 1062, 140 L.Ed.2d 122 (1998) (“The one-year limitation also provides an incentive to defendants to come forward promptly with all that they know about illegal conduct, regardless of whether they appreciate its value to the government.”). The Advisory Committee Notes to the 1991 amendment to Rule 35(b) (“the Notes”) also emphasize that timely cooperation by the *1318 defendant, rather than timely use of the information by the government, is the focus of the new rule.[1] That the language of the rule itself fails to carry out this obvious and important policy manifests an urgent need for Congress to reconsider Rule 35.
The predicament in which the defendant here finds himself powerfully illustrates the gap that Congress has created in Rule 35(b). The defendant was arrested on drug charges in 1989 at the age of nineteen; he subsequently entered a guilty plea and was sentenced to 151 months in prison. Well within the one-year time period prescribed by Congress,[2] the defendant provided extensive information about the criminal operation in which he was involved, including information about Armando Rodriguez, a major cocaine distributor who was a fugitive at the time. The government initially filed a Rule 35(b) motion with respect to the defendant but requested that the district court delay its ruling on the motion. Ultimately, the government withdrew that motion.[3] It is undisputed that in 1996, when Rodriguez finally had been apprehended and indicted and was being tried, the defendant voluntarily served as a government witness and testified to the same information he had provided the government several years before. In the government’s judgment, this testimony assisted it substantially in the prosecution of Rodriguez, as evidenced by the government’s decision to bring the motion to reduce the defendant’s sentence that is at issue in this case. This court is bound by Rule 35(b), however, and thus must reject the government’s attempt to carry out the purpose of the rule.
It is unfortunate that the language of this rule precludes the implementation of the very policy it was written to support. It is particularly unfortunate for the defendant here, whose case, as the district court noted, “cries out for relief.”

. The Notes describe one of the problems with the old rule, which the 1991 amendment was intended to correct:
"[Under the old rule], the trial court was required to rule on the government’s motion to reduce a defendant’s sentence within one year after imposition of the sentence. This caused problems, however, in situations where the defendant’s assistance could not be fully assessed in time to make a timely motion which could be ruled upon before one year had elapsed.... [The amendment] should benefit both the government and the defendant and will permit completion of the defendant's anticipated cooperation with the government.”
18 U.S.C. app. Fed.R.Crim.P. 35(b) (Advisory Comm. Notes for 1991 Amend.).
The Notes also address the portion of the amendment that allows a district court to exercise jurisdiction over a Rule 35(b) motion made outside the one-year time limit: "In deciding whether to consider an untimely motion, the court may, for example, consider whether the assistance was provided as early as possible.” Id.

. It is not clear from the record exactly when the defendant disclosed this information to the government. It appears, however, that the disclosure may have been made as early as the day the defendant was arrested.

. The majority seems to infer that the government withdrew the original Rule 35(b) motion because the defendant stopped cooperating. Although the point does not affect our holding, I note that the record is void of any information to support that conclusion, and even the government — upon whose brief the court independently relies to substantiate its characterization of the facts — does not urge such an inference. The original Rule 35(b) motion, filed within the one-year time limit, requested that the district court hold the motion until the government could "appropriately investigate the matter which the defendant will disclosed [sic]." Rl — 131(1), at ¶ 5. The motion stated that "[t]he cooperation which the defendant provides, in all likelihood, will involve the need for extensive investigative measures ... and therefore, is not complete at this time.” Id., V 4. A few months later, the government requested that the district court again delay the hearing on the Rule 35(b) motion, stating that the defendant "ha[d] furnished no further cooperation, but [would] be a witness in an investigation which [had] not been identified.” Rl — 131 (2), at ¶3. Less than two months later, the government withdrew the Rule 35(b) motion without explanation. In presuming that the defendant stopped cooperating, the majority ignores the plausible inference from this record that the government withdrew the Rule 35(b) motion because its investigation did not prove fruitful and it therefore was unable at that time to use the information provided by the defendant in any concrete way.