Carl L. Dubin, Dubin & Balistreri, Milwaukee, WI, for defendant.

UNITED STATES of America, Plaintiff,

v.

James W. McWILLIAMS, Defendant.

No. 93–CR–57.

United States District Court,
E.D. Wisconsin.

June 27, 2000.

## DECISION AND ORDER

CURRAN, District Judge.

The government has moved this court for an order reinstating its 1994 motion to reduce James McWilliams' sentence pursuant to Federal Rule of Criminal Procedure 35(b). The underlying action giving rise to the Rule 35 motion was the prosecution of Defendant James McWilliams for drug trafficking and money laundering offenses. Following his conviction, McWilliams was sentenced on August 9, 1993. On August 9, 1994, the government filed a Rule 35 motion asking the court to reduce McWilliams' sentence. That rule authorizes the government to seek a reduction of a defendant's sentence based upon post-sentencing "substantial assistance." At the time the motion was filed, however, McWilliams had not yet provided any assistance. Consequently, the government termed its motion a "protective motion."[1]

On December 8, 1998, the government, unaware of any cooperation on McWilliams' part, moved to withdraw the motion. After the court granted the motion, the govern-

---

1. A "protective" or "preliminary motion" filed pursuant to Rule 35(b) is prospective and is filed in anticipation of post sentencing assistance which has yet to be received or evaluated. These motions are filed for the purpose of preserving the court's jurisdiction to lower a sentence imposed and for the purpose of allowing a defendant sufficient time to provide assistance which

ment learned that McWilliams had provided cooperation in a Sauk County, Wisconsin, prosecution of two individuals on drug distribution charges. Therefore, on May 4, 2000, the government filed a motion asking the court to vacate its order dismissing the 1994 Rule 35 motion and to reinstate the motion.

The court asked the government to cite authority allowing the court to assert jurisdiction over this matter. The government was unable to provide any direct authority. Instead, it argues that the court should invoke its "inherent authority" to reinstate the Rule 35(b) motion. The court rejects the government's reasoning,[2] so the question remains whether the court has the authority to consider the merits of this motion given the time restrictions in Rule 35(b).

Rule 35(b) of the Federal Rule of Criminal Procedure provides that:

**Reduction of Sentence for Substantial Assistance.** If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance.

the government may then evaluate determine whether such assistance is sufficiently substantial to warrant the government's asking for a reduction in the defendant's sentence. *See United States v. Orozco,* 160 F.3d 1309, 1310 fn. 1 (11th Cir.1998), *cert. denied,* —— U.S. ——, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).

**2.** The government has provided no precedent for exercising "inherent authority" to reinstate a Rule 35(b) motion. The Ninth Circuit has held that district courts do not have "inherent authority" to reconsider sentencing orders. *See United States v. Barragan–Mendoza,* 174 F.3d 1024, 1028

In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

Federal Rule of Criminal Procedure 35(b).

In *United States v. McDowell,* 117 F.3d 974, 979–80 (7th Cir.1997), the Seventh Circuit held that the one-year time limit for filing a Rule 36(b) motion is a constraint upon the district court's power to consider the motion. The court of appeals interpreted Rule 35(b)'s one-year limitation literally, but recognized that it is qualified by the exception for information or evidence not known by the defendant until one year or more after imposition of sentence. For the exception to the one-year rule to become effective for the government's filing of a Rule 35(b) motion, the district judge must be convinced that the convicted defendant acquired information or evidence not known until a year or more after sentencing. This determination often requires an inquiry beyond perusal of the docket. *See Id.* at 978–80. The *McDowell* court reasoned that: "[b]ecause only the government now may file Rule 35(b) motions, an interpretation of the Rule that permitted the government to 'waive' the time limit would render the deadline ineffectual." *McDowell,* 117 F.3d at 979.

Courts which have interpreted Rule 35(b)'s time limits strictly have grounded their rulings on policy considerations drawn from the purposes of the statute, such as: ending the sentence negotiation process, finalizing the length of a defendant's sentence, providing convicted defendants with incentive promptly to disclose all of their knowledge concerning unlawful conduct regardless of whether they

(9th Cir.1999). *See also United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir.), *cert. denied,* 522 U.S. 961, 118 S.Ct. 393, 139 L.Ed.2d 307 (1997); *United States v. Burd,* 86 F.3d 285, 289 (2d Cir.1996). In 1991, the Advisory Committee codified the "inherent authority" of the court within subsection (c) of Rule 35, and the government must meet the conditions of that subsection of the rule, otherwise the district court cannot modify a defendant's sentence. *See Barragan–Mendoza,* 174 F.3d at 1029.

appreciate its value to the government, and preventing sentence manipulation whereby convicted defendants could return to the government years after sentencing with outdated or fabricated information regarding criminal activity. *See Orozco,* 160 F.3d at 1314; *United States v. Carey,* 120 F.3d 509 (4th Cir.1997), *cert. denied,* 522 U.S. 1120, 118 S.Ct. 1062, 140 L.Ed.2d 122 (1998); *McDowell,* 117 F.3d 974 (7th Cir.1997); *United States v. Morales,* 52 F.3d 7, 8 (1st Cir.1995). The Notes of the Advisory Committee to the 1991 Amendment to Rule 35(b) emphasize that timely cooperation by the defendant, rather than timely use of the information by the government is the focus of the new rule. The Fourth Circuit has concluded that:

> The rule unambiguously provides that the one-year limitation may be relaxed only where the information provided by the defendant was "not known by the defendant until one year or more after the imposition of sentence." This language does not allow for an interpretation that the one-year period may be relaxed when the information was known during the one-year period but that the cooperation could not have been provided until more than one year, for whatever reason.

*Carey,* 120 F.3d at 512–13 (citation omitted).

In this case, the government is asking the court to evade the time restraints of Rule 35(b) by vacating its order of dismissal and then proceeding as if the motion had been on file since 1994.[3] The government alleges that, after this court dismissed the Rule 35(b) motion in 1998, the Downward Departure Committee of the United States Attorney's Office learned that McWilliams had cooperated in a Sauk County, Wisconsin, prosecution of two individuals for drug distribution. This cooperation began in 1998 when the Sauk County District Attorney's investigation disclosed that McWilliams and his co-defendant, Tommy Eaton, had supplied drugs to Sauk County residents Edward Strampe and Phil-

ip Schaefer. State authorities then approached McWilliams who agreed to provide historical testimony at trial.[4] *See* Affidavit of Assistant United States Attorney Christian R. Larsen at ¶¶ 4–6. As a result, the federal government is recommending an additional two-level reduction in McWilliams' base offense level for what it terms his "substantial assistance." *See Id.* at ¶ 7.

In *United States v. Orozco,* 160 F.3d 1309 (11th Cir.1998), *cert. denied,* —— U.S. ——, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000), the government filed a preliminary Rule 35(b) motion within a year of Orozco's sentencing in 1990. When Orozco provided no information, the government withdrew the motion in 1992. Then, in 1996, a fugitive was arrested and Orozco was able to testify as a prosecution witness at his trial. The government then moved for a reduction of Orozco's sentence, but the Eleventh Circuit held that the courts were without jurisdiction to reduce Orozco's sentence because the facts of Orozco's case did not place him within the exception to Rule 35(b)'s one-year rule. The court determined that, at the 1996 trial, Orozco only testified to information that was known to him during the one year following his sentencing. Therefore, Orozco was deemed not eligible for a Rule 35(b) motion under the rule's exception for information that is not known by the convicted defendant until more than a one-year period after sentence imposition. *See generally Orozco,* 160 F.3d at 1310–16.

In affirming the dismissal of the Rule 35(b) motion in *Orozco,* the Eleventh Circuit explained that:

> The rule unambiguously provides that the one-year limitation may be relaxed only where the information provided by the defendant was "not known by the defendant until one year or more after the imposition of sentence." This language does not allow for an interpretation that the one-year period may be relaxed when the informa-

---

**3.** The court notes that the government filed the Rule 35 motion in McWilliams' case on the last day of Rule 35(b)'s one-year limitation period.

**4.** Both Sauk County defendants pleaded guilty prior to trial, so McWilliams did not actually testify.

tion was known during the one-year period but that the cooperation could not have been provided until more than one year, for whatever reason.

*Id.* at 1314–15. While regretting that the court could not afford some relief to Orozco who was involved in a factual situation which Congress had not appeared to consider, the court went on to say that:

> Congress has enacted several revisions of Rule 35(b) and, thus, has shown attentiveness to changing the specific terms of this rule. We are not at liberty to add terms or posit an interpretation that differs from the explicit language of Rule 35(b), particularly when we can decide this case within the plain terms of the rule. *See Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 572, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983) (recognizing that federal courts are not authorized "to add specific language that Congress did not include in a carefully considered statute"); *Carey*, 120 F.3d at 512 ("Whether we agree with all of the policy considerations or whether [Rule 35(b)] effectively addresses them, we are bound to apply the rule in the manner in which it is written.").

*Orozco*, 160 F.3d at 1316–17.

The facts of the instant case are similar. It is clear from the record that McWilliams did not offer any substantial assistance during the year following his sentencing and, when he was asked for assistance almost five years after sentencing, he did not offer any information he did not know during the year following the imposition of his sentence. The testimony he planned to offer in Sauk County was based on his drug dealings preceding his arrest on federal charges. Thus, McWilliams is ineligible under the one-year limitation

period of Rule 35(b) and he is also ineligible under the plain terms of the exception to the rule. *See generally United States v. McDowell*, 117 F.3d 974 (7th Cir.1997); *United States v. Orozco*, 160 F.3d 1309 (11th Cir. 1998), *cert. denied*, —— U.S. ——, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000.).[5]

### *ORDER*

Therefore, because the court lacks authority to consider the government's request and because the facts of this case render James McWilliams ineligible for relief, the court ORDERS that the "Government's Motion to Reinstate Rule 35 Motion" (filed May 4, 2000) IS DENIED.

---

**5.** The First Circuit is the only circuit which interprets Rule 35(b) broadly and allows the government to seek a reduction of sentence if a prisoner has information within a year of sentencing, but the information is not sought by the government or useful to the government until after the year is over. In *McDowell*, the Seventh Circuit commented that:

> The First Circuit has adopted a non-literal reading of Rule 35(b), under which a defen-

dant's failure to provide information within one year will satisfy the exception if the defendant "was not asked [about the information], or was otherwise unaware of its value." *See Morales*, 52 F.3d at 8. At this juncture, we decline either to endorse or to reject this expansive construction.

*McDowell*, 117 F.3d at 980 n. 7.