FILED
United States Court of Appeals
Tenth Circuit

October 28, 2014

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 13-1042

FREDERICK H.K. BAKER,

Defendant - Appellant.

**Appeal from the United States District Court
for the District of Colorado
(D.C. No. 1:11-CR-00070-PAB-1)**

Warren R. Williamson, Federal Public Defender and Jill M. Wichlens, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant Frederick H.K. Baker.

John F. Walsh, United States Attorney and Robert Mark Russel, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee United States of America.

Before **KELLY, EBEL,** and **PHILLIPS,** Circuit Judges.

**EBEL**, Circuit Judge.

Rule 35(b), Fed. R. Crim. P., authorizes the district court, upon the Government's motion, to reduce a previously imposed sentence if the defendant, after sentencing, provided substantial assistance to the Government in investigating or prosecuting another person.  Generally the Government must file a motion for a sentence reduction within the year following sentencing.  But Rule 35(b)(2)(B) permits the Government to file a motion more than one year after the court sentenced the defendant if his "substantial assistance involved . . . information provided . . . to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing."  The question presented here is whether the information that Defendant-Appellant Frederick Baker provided "did not become useful to the government until more than one year after [his] sentencing." Id.  Because the Government indicated that the information Baker provided was useful both before and after the one-year anniversary of his sentencing, the district court concluded that it lacked jurisdiction to reduce Baker's sentence under Rule 35(b)(2)(B).  Exercising jurisdiction under 18 U.S.C. § 3742(a)(1), see United States v. McMillan, 106 F.3d 322, 324 n.4 (10th Cir. 1997), we AFFIRM.[1]

## I. BACKGROUND

In February 2011, the United States indicted Baker and his co-defendant Mark Akins on eighty offenses stemming from an allegedly fraudulent investment scheme.

---

[1] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case was therefore ordered submitted without oral argument.

Baker pled guilty to two of the charged offenses and the district court, in October 2011, sentenced him at the bottom of the advisory guideline range, to forty-one months in prison. Three weeks after sentencing, Baker met with prosecutors, provided information about his and his co-defendant Akins's role in the charged fraud, and offered to testify against Akins. At the conclusion of that meeting, an assistant United States attorney ("AUSA") told Baker and his attorney that the AUSA "would recommend a reduction of Baker's sentence in light of the interview and his cooperation." (R. v.2 at 12 ¶ 6.)

Baker's co-defendant Akins later pled guilty to two of the charged offenses and the district court sentenced him to twenty-seven months in prison. Akins's guilty plea and sentencing occurred within one year of Baker's sentencing. Twice during this one-year period, Baker and his attorney asked the Government to file a Rule 35(b) motion to reduce Baker's sentence. But because the Government thought it still might need Baker's testimony during Akins's restitution hearing, the Government delayed filing the Rule 35(b) motion. As it turned out, the Government did not need Baker's testimony during the restitution hearing. After that hearing, which occurred in November 2012, more than one year after Baker's sentencing, Baker and his attorney again asked the Government to file a Rule 35(b) motion on Baker's behalf. The Government did so on January 28, 2013, more than fifteen months after Baker's sentencing.

Because the Government had waited more than one year to file the Rule 35(b) motion, however, the district court's jurisdiction to consider that motion was limited. See Fed. R. Crim. P. 35(b)(2). (The Government did not realize this until it began preparing

3

the motion.)  The Government, therefore, filed the motion under Rule 35(b)(2)(B), which permits the district court to reduce a defendant's sentence if he provided the Government with information within one year of his sentencing, but the information "did not become useful to the government until more than one year after sentencing."  The district court, however, concluded it did not have jurisdiction to consider that motion because the Government acknowledged that the information Baker provided was useful both before and after the one-year mark.  Baker appeals that decision.[2]

## II. STANDARD OF REVIEW

We review de novo the district court's determination that it lacked jurisdiction to consider the Government's Rule 35(b) motion.  See United States v. Luna-Acosta, 715 F.3d 860, 864 (10th Cir. 2013).

## III. DISCUSSION

### A.  Rule 35's requirements are jurisdictional

"Federal courts are courts of limited jurisdiction."  United States v. Blackwell, 81 F.3d 945, 946 (10th Cir. 1996) (internal quotation marks omitted).  And they "generally lack jurisdiction to modify a term of imprisonment once it has been imposed."  United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing Dillon v. United States, 560 U.S. 817, 819 (2010)); see also 18 U.S.C. § 3582(c).  "[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has

---

[2] We GRANT Baker's motion to file his opening brief under seal and seal the Government's answer brief as well.

expressly granted the court jurisdiction to do so." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) (internal quotation marks, alterations omitted).

Congress expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c). See United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005). The part of that statute pertinent here provides that a district "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Like § 3582(c), Rule 35's requirements are jurisdictional. See United States v. Addonizio, 442 U.S. 178, 189 (1979) (holding time limits in prior version of Rule 35 are jurisdictional); United States v. McGaughy, 670 F.3d 1149, 1151, 1155-58 (10th Cir. 2012) (joining all other circuits that have addressed the question and holding that Rule 35(a)'s fourteen-day time limit for correcting arithmetical, technical or clear errors is jurisdictional).

**B. Rule 35(b)(2)(B) does not provide the district court with jurisdiction to reduce Baker's sentence under the circumstances presented here**

The time limits relevant in this case are found in Rule 35(b). Rule 35(b)(1) provides the district court with jurisdiction to reduce a defendant's sentence, upon the Government's motion, so long as the Government files its motion within one year of the defendant's sentencing. Rule 35(b)(2) extends jurisdiction beyond the one-year time period under limited circumstances. See United States v. Orozco, 160 F.3d 1309, 1313-

5

14 (11th Cir. 1998) (addressing prior version of Rule 35(b)). In this case, the Government filed its motion to reduce Baker's sentence under Rule 35(b)(2)(B), which as previously mentioned provides that,

> [u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
>
> . . . .
>
> (B) information provided by the defendant to the government within one year after sentencing, but which did not become useful to the government until more than one year after sentencing.

Here, there is no dispute that Baker provided the Government with the relevant information within one year of his sentencing. The question, then, is whether Baker's "information . . . <u>did not become useful</u> to the government within one year after sentencing." (Emphasis added.) That question is resolved by the Government's concession, in its Rule 35(b)(2)(B) motion, that the information that Baker provided it was useful both before and after the one-year anniversary of his sentencing. In support of that concession, the Government further represented to the district court that

> Baker's information assisted in trial preparation, plea negotiations and sentencing—all of which took place within the year after Baker's sentencing. The information was also useful, however, in preparation for and in conducting the three day restitution hearing in this matter, which took place outside the year after Baker's sentencing hearing.

(R. v.2 at 16 ¶ 12.)[3]

---

[3] <u>See also</u> R. v.2 at 14 ¶ 11(1) (stating Baker's "information enabled the government to refine its determination of losses attributable to Akins thereby assisting the government in

Rule 35(b)(2)(B)'s language—"did not become useful to the government until more than one year after sentencing"—does not include information that was useful both before and after the one-year mark; that is, information that was useful before the one-year mark and continued to be useful thereafter. In particular, the Rule's use of the word "until" denotes the time at which the information first became "useful" to the Government.

This reading of Rule 35(b)(2)(B) is consistent with the purpose and structure of Rule 35(b) generally. Rule 35(b)(1)'s usual one-year deadline for filing motions to reduce a sentence promotes finality and encourages defendants promptly to disclose information they have to the Government. See Rule 35, Advisory Committee Notes to 2002 amendments. While Rule 35(b)(2) permits the Government to file a motion for a sentence reduction more than one year after sentencing, it does so only in limited circumstances that do not detract from the Rule's underlying purposes when, for example, the defendant does not know the information within Rule 35(b)(1)'s one-year time frame, see Rule 35(b)(2)(A); or the defendant "could not reasonably have anticipated" within the one-year time period that the information he had would be useful to the Government, Rule 35(b)(2)(C); or the defendant provided the information within one year of his sentencing, but the information "did not become useful to the government

_____

plea negotiations and sentencing and restitution proceedings relating to Akins"); id. at 15 ¶ 11(5) ("The information provided by Mr. Baker was related far enough in advance to be effectively utilized in trial preparation, plea negotiations and plea and sentencing proceedings, and the restitution hearing pertaining to Mr. Akins.").

7

until more than one year after sentencing," Rule 35(b)(2)(B). In light of the clear language of Rule 35(b)(2), then, as well as the structure and underlying purposes of Rule 35(b), we conclude that the circumstances presented here—where Baker provided the Government with information that was useful both before and after the one-year anniversary of his sentence—do not fall within the jurisdiction Rule 35(b)(2)(B) provides a district court to reduce sentences.[4]

The parties suggest, instead, that Baker's "information . . . did not become useful to the government" until the full extent of his assistance was known to the Government,

_____

[4] On appeal, the Government, for the first time, seems to back away from its representations to the district court that the information Baker provided it was useful both before and after the one-year anniversary of Baker's sentencing. Instead, on appeal, the Government asserts that, while some of the information that Baker gave the Government was useful before the one-year mark, other information Baker provided was not useful until the restitution hearing, which occurred more than one year after Baker's sentencing. But the Government does not explain in any detail exactly what information became useful to it only after the one-year anniversary of Baker's sentence. (Aple. Br. at 2 (stating "specifically, (1) the part of [Baker's] statement that helped the government determine the amount of restitution sought for each investor, and (2) his expression of willingness to testify at his codefendant's restitution hearing").) In light of its several previous representations to the district court that the information Baker provided was useful both before and after the one-year mark, the Government's vague argument on appeal—that some of the information was useful before the one-year mark, but some of it was not—is insufficient to establish that the district court had jurisdiction to consider the Government's Rule 35 motion to reduce Baker's sentence. This conclusion is bolstered by the fact that, when Baker made a similarly vague argument to the district court, the district court declined to address it because only the Government can make a Rule 35(b) motion to reduce the defendant's sentence, see Blackwell, 81 F.3d at 948. But the court gave the Government an opportunity to file a motion for reconsideration explaining what information Baker provided it that did not become useful until after the one-year anniversary of Baker's sentencing. The Government, however, did not take advantage of that opportunity. And Baker has abandoned this argument on appeal.

after his co-defendant's restitution proceedings concluded more than one year after Baker's sentencing.[5]  But Rule 35(b)(2)(B) expressly extends jurisdiction beyond Rule 35(b)(1)'s one-year deadline only when the defendant's "substantial assistance involved . . . information . . . which did not become useful to the government until more than one year after sentencing."  (Emphasis added.)  Congress could have provided otherwise, by expressly giving district courts jurisdiction to reduce a defendant's sentence, for instance, when the information the defendant provided continued to be useful to the Government

---

[5] In making this suggestion to the district court, the parties relied primarily on United States v. Riley, No. 07-189-GZS, 2011 WL 767638 (D. N.H. Feb. 28, 2011) (unreported). In that case, the defendant Riley, after his sentencing, provided the Government with information about two other individuals, Edward and Elaine Brown; Riley also offered to testify against each of them at their trial and sentencing proceedings. Id. at *1.  One of the sentencings occurred before the one-year anniversary of Riley's own sentencing proceeding, but the other occurred after the one-year mark. Id.  Ultimately, the Government did not call Riley as a witness in any of those proceedings. Id.  After the sentencing proceedings were over, more than one year after Riley's sentencing, the Government filed a motion to reduce Riley's sentence. Id.  The district court held that it had jurisdiction, under Rule 35(b)(2)(B), to consider that motion because the Government could not have known, within one year, of "the extent" of the value of Riley's assistance. Riley, 2011 WL 767638 at *1-*2.  There are several other unreported district court cases making similar determinations.  See United States v. Bond, No. 01 CR 1140(LBS), 2005 WL 2347843, at *1 (S.D. N.Y. Sept. 23, 2005) (unreported) (holding district court had jurisdiction to reduce defendant's sentence under Rule 35(b)(2)(B) where defendant began providing the Government with information within one year of his sentence, but that information "did not become useful to the government until his testimony [given at trial] more than one year later"); United States v. McMullan, No. 1:01-CR-26, 2005 WL 2017968, at *1 (W.D. Mich. Aug. 22, 2005) (unreported) (holding, without discussion, that district court had jurisdiction to reduce defendant's sentence under Rule 35(b)(2)(B) where defendant provided the Government with information both before and after his sentencing, but he had to wait over a year to testify).  To the extent that any of these cases may be in tension with our opinion, we simply note that they are not binding precedent for our court.

9

both before and after the one-year mark or when the extent of the information's usefulness could not be fully determined by the one-year deadline. But Congress did not do so and we are left to apply the rule as Congress wrote it. See United States v. Carey, 120 F.3d 509, 513 (4th Cir. 1997) (applying prior version of Rule 35(b) according to its "unambiguous text").

The Government concedes that, under the circumstances presented here, if it could not have measured the usefulness of Baker's assistance before his co-defendant's restitution hearing, which occurred more than one year after Baker's sentencing, the Government could have filed a Rule 35(b) motion within the year following Baker's sentencing, in order to preserve the district court's jurisdiction under Rule 35(b)(1) to reduce Baker's sentence, and then ask the district court to wait to address that motion until the full extent of Baker's assistance was known to the Government. See Orozco, 160 F.3d at 1310 n.1 (11th Cir.) (discussing such a procedure); see also United States v. Ruiz, No. 07-00301 HG-01, 2013 WL 3760649, at *1 (D. Haw. July 16, 2013) (unreported). As the Government acknowledges, however, it did not realize the need to do so in this case until it was too late.

For the foregoing reasons, then, we conclude that the circumstances presented here—where Baker provided information that was useful to the Government both before and after the one-year anniversary of his sentencing—do not fall within the jurisdiction that Rule 35(b)(2)(B) provides the district court to reduce sentences.

10

**C. We cannot grant Baker's request to extend the jurisdiction that Rule 35(b)(2)(B) provides the district court beyond the Rule's express terms**

On appeal, Baker urges this court to extend Rule 35(b)(2)(B)'s jurisdiction beyond the rule's express terms so that it applies to the circumstances presented here, where Baker provided information that continued to be useful to the Government after the one-year anniversary of his sentencing. In making this argument, Baker relies on, e.g., United States v. Morales, 52 F.3d 7 (1st Cir. 1995). Morales addressed a prior version of Rule 35(b) which permitted the Government to file a motion to reduce a sentence more than one year after sentencing "where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence." 52 F.3d at 8 n.2. Although Defendant Morales knew of the information she provided the Government within one year of her sentencing, the First Circuit interpreted the rule broadly, holding that "until becoming aware of its value, or being specifically asked, a defendant cannot be said to 'know' useful information." Id. at 8. Several other circuits, however, declined to follow Morales in extending the prior version of Rule 35(b) beyond its clear and express terms. See Orozco, 160 F.3d at 1313-16 & 1315 n.9 (11th Cir.); Carey, 120 F.3d at 511-13 (4th Cir.); United States v. Evans, No. 95-5144, 1996 WL 167484, at *5 (10th Cir. Apr. 10, 1996) (unpublished).

Similarly, we decline to extend Rule 35(b)(2)(B) beyond its clear terms. Those terms are jurisdictional. See McGaughy, 670 F.3d at 1151, 1155-58. And the district court only has jurisdiction to modify a previously imposed sentence if Congress gives the

11

court such jurisdiction.  See Blackwell, 81 F.3d at 947.  "We are not at liberty to add terms or posit an interpretation that differs from the explicit language of Rule 35(b), particularly when we can decide this case within the plain terms of the rule."  Orozco, 160 F.3d at 1316 (11th Cir.); see also Carey. 120 F.3d at 513 (4th Cir.) (applying "unambiguous text" of Rule 35(b)).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's conclusion that it lacked jurisdiction to consider the Government's Rule 35(b)(2)(B) motion to reduce Baker's sentence.  It is unfortunate for Baker that the Government's delay in filing the Rule 35(b) motion precludes him from reaping any sentencing benefit from the assistance he provided the Government.  But because Rule 35(b)(2)(B)'s requirements are jurisdictional, the district court has no power now to reduce Baker's sentence.  Though of no comfort to Baker, we note that the Government, in any event, sought only a six-month reduction of Baker's bottom-of-the-guideline, forty-one-month sentence.