UNITED STATES of America,
Plaintiff - Appellee,

v.

Charles LANGHAM, Defendant -
Appellant.

No. 16-5049

United States Court of Appeals,
Tenth Circuit.

Filed December 1, 2016

Leena Alam, Timothy L. Faerber, Danny C. Williams, Sr., Office of the United States Attorney, Northern District of Oklahoma, Tulsa, OK, for Plaintiff-Appellee

Charles Samuel Langham, Pro Se

Before LUCERO, MATHESON, and BACHARACH, Circuit Judges.

## ORDER AND JUDGMENT *

Carlos F. Lucero, Circuit Judge

Charles Langham, appearing pro se, appeals a district court order rejecting his request that an undischarged state sentence be run concurrently with the federal sentence he is now serving. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

In 1987, Langham was sentenced to a ten-year term of imprisonment in Oklahoma state court. While released on bond pending appeal, Langham was arrested by Oklahoma authorities for a separate state charge. He was convicted and sentenced to four years' imprisonment in January 1991. Langham was also indicted in federal court for conspiracy to distribute 50 grams or more of cocaine base while on release. He received a life sentence on the federal charge in July 1991.

Langham served his four-year sentence in state custody and was transferred to federal custody in October 1992. Because he had not yet served his ten-year state sentence, the Oklahoma County Sheriff's Department lodged a detainer with the Federal Bureau of Prisons ("BOP"), requesting custody of Langham upon completion of his federal sentence. The state denied Langham's request to run the ten-year sentence concurrently with his federal sentence.

In 2015, Langham's federal life sentence was reduced to 360 months pursuant to an amendment to the sentencing Guidelines. Both the original federal judgment and the order granting a sentence reduction were silent as to whether Langham's federal and state sentences would run consecutively or concurrently. Langham filed a motion under 18 U.S.C. § 3582, as well as a subsequent "motion to compel," requesting that the district court order his state and federal sentences be run concurrently. The district court interpreted Langham's motions as a request for a nunc pro tunc designation of a state institution for retroactive

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concurrent service of his federal sentence. Accordingly, the court recommended that the BOP retroactively designate an Oklahoma state facility as Langham's place of confinement, such that his federal sentence would run concurrently with his already completed four-year state sentence. But the district court concluded that it lacked the authority to order Langham's federal sentence be run concurrently with his undischarged ten-year state sentence. Langham timely appealed.

## II

Langham argues the district court had the authority to order his federal sentence be run concurrently with his undischarged state sentence. We disagree. If a defendant "serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the [BOP] said on the matter." Setser v. United States, 566 U.S. 231, 132 S.Ct. 1463, 1471, 182 L.Ed.2d 455 (2012). Oklahoma denied Langham's request to serve his ten-year state sentence concurrently with his federal sentence. Thus, the district court correctly concluded that it was powerless to compel the state to grant the relief Langham seeks.

Langham additionally suggests that consecutive service of his federal and ten-year state sentence would violate the Double Jeopardy Clause. We also reject this argument. Under the "dual sovereignty doctrine," the Double Jeopardy Clause "is no bar to serial prosecution and punishment undertaken by separate sovereign entities." United States v. Barrett, 496 F.3d 1079, 1118 (10th Cir. 2007).

## III

Although the government's brief is not entirely clear, it appears to raise a separate argument that the district court lacked jurisdiction to recommend that Langham's federal sentence run concurrently with his four-year state sentence. See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076–77 (10th Cir. 1999) ("A defect in subject matter jurisdiction can never be waived and may be raised at any time."). It is true district courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed." United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014). However, we do not read the district court's order as attempting to modify Langham's sentence.

The district court "recommend[ed], nunc pro tunc, that the instant sentence run concurrently with the sentence imposed in Tulsa County Case CF-1990-2140, and that the Bureau of Prisons retroactively designate a State of Oklahoma penal facility as the place of confinement of said sentence." This was not an order, but a recommendation. The court acknowledged that the BOP is responsible for designating the place of a prisoner's confinement under 18 U.S.C. § 3621(b). See United States v. Miller, 594 F.3d 1240, 1242 (10th Cir. 2010) (noting that § 3621(b) "gives the executive branch primary authority over any petition challenging a prisoner's place of confinement"); see also Setser, 132 S.Ct. at 1467–68 ("[T]he [BOP] may designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive.").

Both § 3621(b) and BOP regulations appear to recognize that district courts may offer such recommendations. See 18 U.S.C. § 3621(b) (directing the BOP to consider any statement by the court "recommending a type of penal or correctional facility as appropriate"); BOP Program Statement 5160.05(9)(b)(2) (noting that a sentencing court may "recommend[ ] a non-federal in-

stitution as the place of confinement"). And the same BOP regulations permit a prisoner to seek a retroactive designation of concurrent service. BOP Program Statement 5160.05(9)(b)(4); see also Setser, 132 S.Ct. at 1468 n.1 (noting that the BOP sometimes makes its designation nunc pro tunc). Having obtained the district court's recommendation, Langham is now free to present the district court's order to the BOP and request a nunc pro tunc designation. We express no view on the propriety of such relief.

## IV

**AFFIRMED.** Langham's motion to proceed in forma pauperis is **GRANTED**.