# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2242

_____

United States of America,        *

                     *

        Appellee,        *

                     *   Appeal from the United States

        v.            *   District Court for the

                     *   Western District of Missouri.

Russell Bradley Marks,      *

                     *

        Appellant.      *

_____

Submitted: January 9, 2001

Filed: March 29, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Russell Bradley Marks appeals from the judgment of the District Court denying his motion to compel specific performance of an agreement that, according to Marks, requires the government to move for a reduction of the sentence he is currently serving for drug-related activity. We affirm, but for a reason different from that given by the District Court.

In 1992, Marks pleaded guilty to two counts of a multi-count federal indictment. On Count I, conspiracy to distribute cocaine, he was sentenced to a mandatory life sentence. On Count II, conspiracy to launder money, he was sentenced to a term of

five years to be followed by two years of supervised release. The remaining counts were dismissed. We affirmed his sentences on appeal. United States v. Marks, 38 F.3d 1009 (8th Cir. 1994), cert. denied, 514 U.S. 1067 (1995). In 1997, Marks's 28 U.S.C. § 2255 motion to set aside or correct his sentence was denied; this Court denied a certificate of appealability.

In January 1999, Marks's attorney contacted the office of the United States Attorney for the Western District of Missouri and told an Assistant United States Attorney (AUSA) who had been involved in Marks's case from the beginning that Marks had information, about which he had learned while incarcerated, that criminal activity was afoot. In exchange for the information, Marks sought a motion for reduction of his sentence under Federal Rule of Criminal Procedure 35(b). According to Rule 35(b), a district court, upon motion by the government, may consider a reduction of sentence "to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person" even more than a year "after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed."[1] While

---

[1]In analyzing the application of Rule 35(b), we rely (as do both parties in their briefs) upon cases decided under § 5K1.1 of the United States Sentencing Commission Guidelines Manual (Substantial Assistance to Authorities (Policy Statement)) and 18 U.S.C. § 3553(e) (Limited Authority to Impose a Sentence Below a Statutory Minimum). See United States v. Alegria, 192 F.3d 179, 184 (1st Cir. 1999) ("[W]ith regard to the meaning of 'substantial assistance,' Rule 35(b) and USSG § 5K1.1 are birds of a feather."); United States v. Gangi, 45 F.3d 28, 31 (2d Cir. 1995) ("[D]ue to similarity of language and function, § 5K1.1 should inform our construction of Rule 35(b).") (citing United States v. Perez, 955 F.2d 34, 35 (10th Cir. 1992) ("Because of their overlapping subject matter and similarities in language, it is instructive to examine and compare U.S.S.G. § 5K1.1 (policy statement) and 18 U.S.C. § 3553(e) (1988) when interpreting Rule 35(b)."); United States v. Doe, 940 F.2d 199, 203 n.7 (7th Cir.) ("Throughout our opinion, we cite precedent construing Rule 35(b), § 3553(e), and Federal Sentencing Guidelines § 5K1.1 . . . interchangeably . . . because the language of all three provisions is parallel."), cert. denied, 502 U.S. 869 (1991)).

making no promises to file such a motion, the AUSA agreed to pass along Marks's information to the appropriate authorities and to consider whether the information provided the grounds to warrant a motion. Marks, through his counsel, gave his information to the AUSA and some months later asked the government to file a motion for reduction of sentence. In an August 19, 1999, letter to Marks's counsel, the AUSA declined to file a Rule 35(b) motion, stating simply that a sentence reduction was not appropriate because of an inability to substantiate claims that Marks "participated in a meaningful way in preventing" a crime.

Soon after, Marks filed a motion in the District Court "to compel specific performance" of his agreement with the government. In his motion, Marks described the "contract" this way: "Mr. Marks promised to supply the Government with information regarding" criminal activity, and "[t]he Government then promised, in exchange for this information, to file" with the court a Rule 35(b) motion for reduction of sentence. Motion and Suggestion in Support of Motion to Compel Specific Performance at 1-2. Marks maintained that he provided "accurate and substantial information," id. at 5, and that the government nevertheless refused to file a motion. Marks characterized the government's refusal as a breach of contract and prayed for an order "requiring the government to render specific performance pursuant to the terms of the contract," that is, to file a Rule 35(b) motion for reduction of sentence. Id. at 3. The government responded that it had not agreed to file a motion in exchange for the information Marks gave but had agreed only to evaluate the information and decide—in its discretion—whether to file a motion for sentence reduction. Because, the government said, the information did not result in the substantial assistance required by Rule 35(b) (among other reasons), it had refused to file the motion.

The District Court held a hearing and concluded that the parties had an "understanding . . . that if the government in its discretion decided that the assistance provided by Mr. Marks was substantial, it would file a motion for downward departure." Tr. at 39. But the court then said that "whatever understanding there was

was [not] sufficiently definite in its terms to justify enforcement of it."  Id. at 40. Marks appeals.

We conclude there was an enforceable agreement.  Indeed, both parties concur not only in the fact of an agreement but also in the terms of the agreement:  Marks would provide information about suspected criminal activity to the government, and the government would evaluate it, determine whether Marks had rendered substantial assistance, and if he had, file a Rule 35(b) motion to reduce Marks's sentence.[2]  We believe that the agreement is sufficiently definite in its terms, as they are now agreed upon by the parties, to be enforceable.[3]  In fact, both sides have performed under the terms of the agreement—Marks gave the government information and the government evaluated it for substantial assistance.  We hold that the District Court erred in holding that the agreement was unenforceable.  We do not hold, however, that the court's judgment—denial of Marks's motion to compel—must be reversed.  We may affirm the District Court on any ground supported by the record, and we conclude there is such

---

[2]As suggested by the language from Marks's motion quoted above, he has come belatedly to this position.  Although Marks refers in his motion to his obligation to provide "accurate" and "substantial" *information*, and contends that he fulfilled that obligation, he does not mention that the government had the discretion to determine whether Marks's information resulted in the necessary substantial *assistance*.  See United States v. Due, 205 F.3d 1030, 1034 (8th Cir. 2000) ("Providing 'truthful information' and providing 'substantial assistance' are not necessarily interchangeable.").  The essence of his argument as set forth in the motion is that he gave the government information, and therefore the government is required file a Rule 35(b) motion.  Marks has since modified that stance and acknowledges that the government had discretion to determine if Marks's assistance was substantial before it would be required to file a motion.  He now maintains that his information did provide the required substantial assistance, but he has backed away from the position that he performed his part of the bargain simply by giving the government the information he had.

[3]Although it would have been preferable for all concerned had the agreement been in writing, the fact that this agreement was oral has no effect on its enforceability.

an alternate ground in this case. See Marolt v. Alliant Techsystems, Inc., 146 F.3d 617, 621 (8th Cir. 1998).

As Marks now concedes, the government did not agree to forego the discretion it has to determine whether a Rule 35(b) motion is warranted in exchange only for information the value of which was unknown until after its disclosure. In other words, the government did not unconditionally promise to file a motion for reduction of sentence. The promise was simply to consider, in the government's sole discretion, whether Marks provided substantial assistance and, *only if he did*, to submit to the District Court a Rule 35(b) motion for reduction of sentence. Cf. United States v. Johnson, No. 99-3109, 2001 WL 178500, at *2 (8th Cir. Feb. 26, 2001) (holding that, where government "exercised [its sole] discretion when it determined that [defendant] had provided the requisite substantial assistance[,] . . . the executed agreement supersedes the government's otherwise broad discretion"); United States v. Barresse, 115 F.3d 610, 612 (8th Cir. 1997) ("An unambiguous, unconditional promise to file a downward departure motion is binding on the government."). Where, as here, the government has reserved its discretion, the AUSA's refusal to file a substantial assistance motion should be treated as any other discretionary decision made by a prosecutor. Wade v. United States, 504 U.S. 181, 185 (1992). In other words, review by the courts is available, but limited.

There are two circumstances identified by the Wade Court that can precipitate judicial review of the government's discretionary decision not to file a motion for sentence reduction, but the defendant must make a "substantial threshold showing" of one of them before a court may act. Id. at 186. First, the defendant may show that the government's "refusal was based on an unconstitutional motive," such as race or religion. Id. at 185-86. Second, the decision may qualify for court review if the defendant can make a threshold showing that "the prosecutor's refusal to move was not rationally related to any legitimate Government end," for example, that the decision was made arbitrarily or in bad faith. Id. at 186. Marks made no substantial threshold

showing in the District Court of an unconstitutional motive or that the government's refusal was not rationally related to a legitimate end, but argues that we should remand for a second hearing, where he will be prepared to make a showing that the refusal to file the motion was in bad faith.

Marks comes to his claim of bad faith too late. The law is clear—a substantial *threshold* showing is required. In his motion papers, there was absolutely no mention, or even an implication, of bad faith on the part of the government in its refusal to file a Rule 35(b) motion, much less a substantial threshold showing. Likewise, the comments made at the hearing to which Marks, in his reply brief, directs this Court's attention do not meet the standard for the threshold showing. See Reply Br. of Appellant at 4-5. Some of the comments were not even made by Marks's counsel. And as for those that were, counsel was not attempting to make a threshold showing of bad faith in order to have a second hearing scheduled; he was only saying he wanted a second hearing where he would take the opportunity to prove his substantial assistance and to make a threshold showing of bad faith. Marks's claim at the hearing (a claim he did not even articulate in his motion) that he "merely provided substantial assistance will not entitle [him] to a remedy or *even to discovery or an evidentiary hearing*. Nor would additional but generalized allegations of improper motive." Wade, 504 U.S. at 186 (emphasis added).

To the extent Marks is intimating in his argument that he was misled into believing there would be a second hearing where he might raise the issue of bad faith, we must disagree. At the start of the hearing, Marks's counsel raised his "understanding that the purpose of this hearing was not to in fact litigate the entire issue in the motion but merely to litigate the first part of the motion which was whether or not an agreement existed." Tr. at 3. The court responded, "If the court finds that an enforceable agreement existed, then we will bifurcate the proceeding and we'll have a subsequent hearing *on the issue of an appropriate sentence*." Id. at 4 (emphasis added). At the very end of the hearing, while making its ruling from the bench, the

court said the issue of bad faith would come into play only if there were an enforceable agreement—and then concluded the agreement was not enforceable. Id. at 39-40. The court never said anything about scheduling a later hearing on the government's bad faith in refusing to file the motion, probably because Marks never raised the issue—and certainly did not make a substantial threshold showing of bad faith—in his written motion.

In his reply brief, Marks explains how, he believes, his information resulted in substantial assistance to the government and implies that, because he provided the necessary assistance, the government's refusal to file a Rule 35(b) motion must have been in bad faith. Reply Br. of Appellant at 6-7. Even assuming we would accept this as a threshold showing when it is articulated as such for the first time on appeal, such a *res ipsa loquitur* argument comes nowhere close to the substantial showing necessary under Wade. Marks's description of the extent of his assistance is "not enough, for although a showing of assistance is a necessary condition for relief, it is not a sufficient one. The Government's decision not to move may have been based not on a failure to acknowledge or appreciate [Marks's] help, but simply on its rational assessment of the cost and benefit that would flow from moving." Wade, 504 U.S. at 187.

In sum, we conclude there was an agreement and both parties performed according to the terms of the agreement. Because the government retained discretion to decide whether Marks had provided substantial assistance sufficient to warrant the Rule 35(b) motion for reduction of sentence, review of the government's refusal to file is now limited. Marks made no substantial threshold showing of the required unprincipled conduct on the part of the government, so there can be no judicial review of the government's conclusion that Marks's assistance was not substantial. Further, because of his failure to make the threshold showing, Marks is not now entitled to remand for a hearing in the District Court on the issue of the government's alleged bad faith or his substantial assistance.

For the reasons stated in this opinion, the judgment of the District Court denying Marks's motion to compel is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.