RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0386P (6th Cir.)
File Name: 01a0386p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

No. 99-6729

JOHN DOE,[*]
*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Chattanooga.
No. 96-00019—Curtis L. Collier, District Judge.

Argued: March 22, 2001,

Decided and Filed: November 1, 2001

Before: RYAN and BATCHELDER, Circuit Judges;
LAWSON, District Judge.[**]

---

[*] At the district court's suggestion, in which we concur, the identities of "John Doe" and "Richard Roe" are not revealed.

[**] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

––––––––––––––––––––

**COUNSEL**

**ARGUED:**    Elizabeth H. Foss, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, Tennessee, for Appellant.    Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee. **ON BRIEF:**    Howell G. Clements, SPEARS, MOORE, REBMAN & WILLIAMS, Chattanooga, Tennessee, for Appellant.    Michael E. Winck, ASSISTANT UNITED STATES ATTORNEY, Knoxville, Tennessee, for Appellee.

RYAN, J., delivered the opinion of the court, in which BATCHELDER, J., joined.   LAWSON, D. J. (pp. 5-6), delivered a separate concurring opinion.

––––––––––––––––––––

**OPINION**

––––––––––––––––––––

RYAN, Circuit Judge.    The defendant, John Doe, substantially assisted the government by providing information concerning illegal drug activities, but the government delayed in filing a motion pursuant to Federal Rule of Criminal Procedure 35(b) until over two and a half years after Doe's sentencing.  The district court concluded that it lacked jurisdiction to decide the government's motion because the government had failed to comply with the time limitations set forth in Rule 35(b).  We will affirm.

**I.**

Because Doe substantially assisted the government by providing information concerning the drug activities of Richard Roe, the court departed downward from the applicable guideline range and sentenced Doe to 120 months for his conviction of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  Doe also claims entitlement to an additional reduction pursuant to Rule

does not address all of the exigencies that can arise. It likewise does not allow courts to address the manifest unfairness that was caused by the government's failure to abide by Rule 35's filing requirements for reasons solely within the control of the government, as occurred here. Nor does the Rule provide a mechanism for dealing with defendants who cooperate more than one year after sentencing when the information is known to them beforehand, *see United States v. Carey, supra,* or when the government belatedly realizes the usefulness of timely-disgorged information. *See United States v. Orozco,* 160 F.3d 1309 (11th Cir. 1998).

In my view, this Court should join with other courts in urging an amendment to Rule 35(b) which will permit district courts to administer substantial justice. *See, e.g., Orozco,* 160 F.3d at 1316 n.13, in which the Court noted: "[W]e agree with the district judge that this case demonstrates a factual situation that Congress should consider when it next contemplates revision of this rule. That is, we hope that Congress will address the apparent unforeseen situation presented in this case . . . ." *See also id.* at 1317 (Hill, J., concurring) ("The facts of this case illustrate the near impossibility of codifying that which ought to be left to judicial discretion. . . . [A]ll that we can do is suggest that Congress, in its own good time, attempt by further codification to see that it does not happen to someone else. We ought to do better than this.") and *Id.* at 1317-18 (Kravitch, J., concurring)("That the language of the rule itself fails to carry out . . . obvious and important polic[ies] manifests an urgent need for Congress to reconsider Rule 35.").

When the government makes a promise, it ought to keep it. The rules of criminal procedure should facilitate, not inhibit, good faith and fair dealing within the federal criminal justice system.

35(b); however, the government did not file a Rule 35(b) motion until June 28, 1999, over two and a half years after Doe's sentencing. The government delayed filing its motion because Roe had appealed his conviction, and had Roe been successful, the government thought it might need Doe as a witness during Roe's new trial.

Federal Rule of Criminal Procedure 35(b) states:

> **(b) Reduction of Sentence for Substantial Assistance.** *If the Government so moves within one year after the sentence is imposed*, the *court may reduce a sentence to reflect a defendant's subsequent substantial assistance* in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

Fed. R. Crim. P. 35(b) (emphasis added).

The district court held a hearing on the government's Rule 35(b) motion on September 24, 1999. In its opinion, the district court concluded that it lacked jurisdiction to decide the motion because the government had not complied with Rule 35(b)'s statute of limitation requiring that the government file the motion within one year after the sentence is imposed, when the information is known to the defendant during that time. Doe then timely filed an appeal.

## II.

The Honorable Curtis L. Collier, United States District Judge, prepared a well-reasoned opinion that thoroughly discussed and analyzed the Rule 35(b) issue presented in this case. Because we agree with Judge Collier's reasoning and conclusion, and because we cannot improve upon his excellent opinion, we adopt Judge Collier's opinion as our own.

Accordingly, we **AFFIRM** the judgment of the district court.

_____

## CONCURRENCE

_____

LAWSON, District Judge (concurring). I concur in the judgment of the Court and I join in the majority's adoption of Judge Collier's well-reasoned opinion. The plain language of Rule 35 precludes district courts from considering motions to reduce sentences which are not filed "within one year after the sentence is imposed," unless the exception stated in the Rule applies. Since only the government may file such a motion under Rule 35 after the 1987 amendments took effect, allowing the government to "waive" the time limit would improperly cede to it the authority to determine when court-rule-imposed deadlines would be enforced. *See United States v. McDowell,* 117 F.3d 974, 979-80 (7th Cir. 1997).

I write separately, however, to emphasize that a rule such as this which does not contain a "safety valve" that allows trial judges the measured flexibility to deal with circumstances unforeseen by the drafters will yield unjust results which can undermine the policies the rule is intended to promote. Among Rule 35's policy goals identified by the Fourth Circuit, for example, are finality in sentencing by discouraging manipulation of the process, and motivating criminal defendants to be prompt and complete in their cooperation. *United States v. Carey,* 120 F.3d 509, 511-12 (4th Cir. 1997), *cert. denied*, 522 U.S. 1120 (1998). Both of those goals were fulfilled in this case, yet the defendant did not receive the benefit of his efforts because of the government's failure to promptly perform. Allowing that default to remain uncured will undermine confidence in the government and possibly jeopardize future cooperation when the result of this case filters back to those from whom cooperation is sought.

The one exception presently included in Rule 35 – that of permitting adjudication of a motion to reduce sentence when the cooperating defendant does not learn of the helpful information until after the one-year deadline has expired –