**Marvin LOVEJOY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 3:90 CR 717.**

United States District Court, N.D. Ohio, Western Division.

Feb. 1, 2002.

John Callahan, Toledo, OH, Daniel E. Manville, Detroit, MI, for Petitioner.

Martin Lovejoy, Rochester, MN, pro se.

## *MEMORANDUM OPINION*

KATZ, District Judge.

Pending before this Court is Petitioner Marvin Lovejoy's Motion for Recommendation and Order B.O.P for Sentence Reduction. Based upon careful consideration of Petitioner's motion, the opposition filed thereto, and the entire record herein, the Court will deny Petitioner's motion.

### *I. BACKGROUND*

■ Petitioner, a federal prisoner proceeding pro se, currently is serving a 195 month sentence at the Federal Correctional Institution in McKean County Pennsylvania.[1] Petitioner has requested a reduction of his sentence by a period of eighteen to twenty-four months based upon his alleged co-operation and testimony pertaining to a stabbing incident in an unrelated matter, *United States v. Mtu Akili*, No. 01–2E (W.D. Pa. filed Feb. 13, 2001). Petr's Mot. at 1. Petitioner alleges that on December 4, 2001 he provided testimony critical to obtaining a conviction against the defendant in *Akili, see id.*, and thus has received numerous threats against his well-being and has been placed in special housing, resulting in the loss of various recreational privileges. *See id.* at 2–3. Although Petitioner alleges that the prosecutor in *Akili* agreed to recommend a sentence reduction, *see id.* at 1–2, Petitioner has not provided the Court with any evidence of such an agreement and no such recommendation has been submitted either to this Court or the U.S. Attorney's office.[2] *See* Resp. at 1–2.

Respondent, while not addressing Petitioner's assertions regarding the alleged agreement with the prosecutor in *Akili*, opposes Petitioner's motion on the grounds that there has been no formal request made for a reduction of sentence from the Western District of Pennsylvania. Resp. at 1–2. Respondent thus has declined to file with this Court a motion for reduction of Petitioner's sentence. *Id.* at 2.

### *II. DISCUSSION*

Preliminarily, the Court notes that Petitioner's motion is unclear as to precisely upon what grounds Petitioner seeks relief. Respondent casts Petitioner's motion as a request for reduction of sentence. *See id.* at 1. While this is a plausible reading of the instant motion, the Court finds that the motion can be read as to encompass two additional, though not necessarily exclusive, theories of relief: (1) a request for specific performance of Petitioner's alleged agreement with the prosecutor in *Akili*, and (2) a request to compel the government to file a motion for a reduction of sentence. The Court addresses each of these theories in turn.

### *A. Rule 35(b) "Substantial Assistance" Motion*

■ In his motion, Petitioner requests that this Court and the prosecutor in *Akili* "recommend and order the Bureau of Prisons, or whom [sic] has the power/authority ... to immediately grant [Petitioner] an 18–24 month reduction of his sentence." Based upon this prayer for relief, the Court agrees with Respondent that Petitioner's motion is in substance a motion for

---

1. On June 12, 1990 Lovejoy was sentenced to 195 months of imprisonment and five years of supervised release resulting from his guilty plea to seven counts of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c).

2. Although the testimony upon which Petitioner bases his request was provided in a proceeding in the Western District of Pennsylvania, he was sentenced in this jurisdiction; therefore, any motion for reduction of sentence is properly filed before this Court.

reduction of sentence based upon Petitioner's "substantial assistance" with the prosecution in *Akili.* Post-sentencing "substantial assistance" motions are governed by Federal Rule of Criminal Procedure 35(b), which provides in relevant part:[3]

> If the *Government* so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a *government* motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's pre-sentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

FED. R. CRIM. P. 35(b) (emphasis added). Assuming that Petitioner's motion is prop-

erly construed as a Rule 35(b) substantial assistance motion, the motion fails for one key reason—namely, that the government has declined to file the requisite motion "[w]ithout a formal request from the Western District of Pennsylvania." Resp. at 1. Unfortunately for Petitioner, the statute is clear in its requirement that the government, not the defendant, file the proper motion. *See U.S. v. Doe,* 270 F.3d 413, 415 (6th Cir.2001) (Lawson, J., concurring) (noting that "only the government may file . . . a [Rule 35(b) ] motion"). Accordingly, insofar as the instant motion is properly construed as a Rule 35(b) motion, the Court will deny Petitioner's motion. However, this determination does not end the Court's inquiry, because the allegations in Petitioner's motion provide at least two additional potential grounds for relief.

### B. Motion for Specific Performance

 In his motion Petitioner maintains that after he provided testimony in *Akili,* he requested that the prosecutor in that case recommend—presumably to the U.S. Attorney's office—a Rule 35 sentence reduction. Petitioner admits that the prosecutor refused to do so under Rule 35, but maintains that the prosecutor nonetheless agreed to recommend a sentence reduction under alternative grounds.[4] Lib-

---

3. The Federal Sentencing Guidelines provide that a court may reduce a defendant's sentence "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." FEDERAL SENTENCING GUIDELINES MANUAL § 5K1.1 (West 2001). Federal Rule of Criminal Procedure 35 governs reductions of sentence made *after* sentencing. *See U.S. v. Bureau,* 52 F.3d 584, 594 ("explaining how Rule 35(b) motions are temporally distinct from U.S.S.G. § 5K1.1 motions"); FED. R. CRIM. P. 35 advisory committee's note (stating that while "a defendant who has provided 'substantial assistance' to the Government *before* sentencing may receive a reduced sentence under United States Sentencing Guideline

("U.S.S.G.") § 5K1.1[,] . . . a defendant who provides substantial assistance *after* the sentence has been imposed may receive a reduction of the sentence if the government files a motion under Rule 35(b)") (emphasis added). Rule 35 provides two additional grounds for granting a reduction of sentence: (1) correction on remand, and (2) correction by the sentencing court within seven days of sentencing. *See* FED. R. CRIM. P. 35(a), (c). Neither are applicable to the instant action.

4. Petitioner states that the prosecutor in *Akili* informed him that the prosecutor "could not [recommend a substantial assistance motion] under Rule 35 because it[']s been over ten years since Petitioner's bank robbery conviction." Petitioner maintains that the prosecu-

erally construing the instant motion as one requesting performance of Petitioner and the *Akili* prosecutor's alleged agreement, the existence of which is neither substantiated nor refuted by Respondent, the Court nonetheless is compelled to deny the motion thus construed because Petitioner has not provided this Court with any substantiation as to the existence or terms of the alleged agreement.[5]

## C. Motion to Compel

Alternatively, if the Court were to read Petitioner's motion as a motion to compel the government to file a substantial assistance motion, the motion must still be denied because Petitioner does not allege, nor does the Court infer, the existence of any circumstances warranting review of the government's refusal to file.[6] Such factors include "a substantial threshold showing" that the government's refusal to file was based on an unconsti-

tutional motive, such as race or religion, or was not rationally related to any legitimate government end. *See Wade v. U.S.*, 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).[7] Although Petitioner alleges that he provided substantial assistance in *Akili*, Petitioner has provided no affidavits to support his contentions, and his motion contains only the generalized allegation discounted by the Supreme Court in *Wade*. Even assuming that Petitioner provided substantial assistance to the prosecution in *Akili*, such a showing is not sufficient to warrant judicial review of the government's refusal to file. *See id.* at 187, 112 S.Ct. 1840 (explaining that "although a showing of assistance is a necessary condition for relief, it is not a sufficient one" because the government's refusal to file may be based "not on a failure to acknowledge or appreciate [defendant's] help, but simply on its rational assessment of the cost and benefit that

---

tor nonetheless agreed to recommend a sentence reduction. Though not directly relevant to the instant inquiry, the Court notes that the lapse of time between Petitioner's sentencing and the alleged assistance in *Akili* does not necessarily preclude consideration of a government motion. Rule 35(b) provides for two separate contingencies: (1) a motion made within one year of sentencing, and (2) a motion made one year or more after sentencing. As Petitioner was sentenced in 1990 and did not file the instant motion until January 2002, his motion is governed by the latter half of Rule 35(b), which requires only that the defendant's substantial assistance involve information not know by the defendant until one year or more after sentencing.

5. In addition, the Court notes that by Petitioner's own admission, the purported agreement was made after Petitioner gave his testimony, and not beforehand as a condition of his testimony. Compare the instant action with *U.S. v. Marks*, 244 F.3d 971 (8th Cir.2001), in which the defendant sought a substantial assistance motion in exchange for information he learned while incarcerated. In *Marks*, the court found that there was an enforceable agreement by the Assistant United States At-

torney ("AUSA") to at least consider whether the defendant's cooperation provided the grounds to warrant a motion, but determined that the AUSA's determination not to file should be treated as any other discretionary decision, *i.e.*, reviewable, but on a limited basis. *See id.* at 974-75.

6. As noted by the Supreme Court, the government has the power, but not a duty, to file a substantial assistance motion. However, the government's discretion in exercising that power "is subject to constitutional limitations that district courts can enforce." *Wade v. U.S.*, 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992).

7. Although in *Wade* the Court interpreted provisions of 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, its holding is relevant to this instant action, as courts have routinely recognized that the application of Rule 35(b) should be informed by the construction given to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. *See Marks*, 244 F.3d at 973 n. 1 (explaining that Rule 35(b) is often applied in light of interpretations given to parallel provision in 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1).

would flow from moving"). In Petitioner's motion, there is no mention or even implication of circumstances amounting to the requisite substantial threshold showing of either improper motive or unrelatedness to any legitimate government end. Moreover, the Court notes that Respondent has provided an explanation, albeit not an exhaustive one,[8] as to why it has declined to file the requested substantial assistance motion, *see* Resp. at 1–2, and courts generally are hesitant to examine prosecutorial decision making. *See U.S. v. Armstrong,* 517 U.S. 456, 465, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Accordingly, even assuming that Petitioner's motion is properly read as a motion to compel the government to file a substantial assistance motion, Petitioner's motion must be denied.

### III. CONCLUSION

Petitioner has not satisfactorily demonstrated either the existence or terms of his alleged agreement with the government to request a reduction of sentence. The government has not filed the requisite motion for reduction of sentence and there are no grounds made apparent to this Court upon which to review that decision. Based upon the foregoing, the Court will deny Petitioner's Motion for Recommendation and Order B.O.P. for Sentence Reduction in its entirety.

IT IS SO ORDERED.

### JUDGMENT ENTRY

For the reasons stated in the accompanying Memorandum Opinion, it is hereby ORDERED that Petitioner Marvin Lovejoy's Motion for Recommendation and Order B.O.P for Sentence Reduction is DENIED.

---

8. The absence in the record of any comprehensive explanation as to why the government chose not to file or why the prosecutor chose not to recommend that the government file, is not sufficient grounds to support an implication that the government had an impermissible motive. *See U.S. v. Buchanan,* 213 F.3d 302, 315 (6th Cir.2000) (stating that while the record in that case did not indicate why the government did not file, that fact by itself was not sufficient to give rise to the implication "that the government was motivated by an unconstitutional reason").