**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Henry Scott BAKER, Defendant–**
**Appellant.**

No. 01–6126.

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

---

### ORDER

■ This is an appeal from a district court judgment denying a series of post-judgment motions to enforce the alleged terms of a government promise to file a motion for a reduced sentence in a criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a jury found Henry Scott Baker guilty of eight counts of armed robbery and three counts of using a firearm during a crime of violence. The court sentenced Baker to seven concurrent life sentences and Baker dismissed his subsequent notice of appeal. Baker filed a series of motions for sentencing relief in 2001. The district court denied the motions and this appeal followed.

The district court construed these post-judgment motions, requests for the court to enforce an alleged prosecutorial commitment to seek a sentence reduction for Baker, as having been filed on the authority of Fed.R.Crim.P. 35(b). A review of the record and law support the district court's decision in its entirety.

By judgment February 5, 1997, Baker received a life sentence after having been convicted of six counts of robbery affecting

commerce, in violation of 18 U.S.C. § 1951, and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Baker's direct appeal from his conviction was docketed in this court as Case No. 97–5181 and was the subject of a voluntary dismissal on August 25, 1997. None of the parties dispute the district court's assertion that Baker thereafter filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, the district court denied by order of January 28, 1998, and Baker did not pursue a direct appeal from this decision. On March 22, 2001, Baker filed the first of a series of four motions (two of which are not available as having been sealed) in which he asked the district court to compel the United States to file a motion under 18 U.S.C. § 3553(e) for a downward sentencing departure as previously promised.

The district court declined to grant the motions. The court first concluded that Criminal Rule 35(b) was the only possible jurisdictional basis for Baker's motions as the cited statute, 18 U.S.C. § 3553, deals exclusively with the imposition of a criminal sentence and Baker was not challenging the imposition of execution of his sentence so as to involve 28 U.S.C. §§ 2241 or 2255. The court then noted that it lacked the authority to act under Rule 35(b) unless the government makes a Rule 35(b) motion for a sentence reduction. The court finally observed that Baker had not shown that the government had made an enforceable commitment to file such a motion or that the government based its refusal to file the motion on an unconstitutional motive. On appeal, Baker takes issue with the district court's decision in its entirety.

This appeal lacks merit. Fed.R.Crim.P. 35(b) reads as follows:

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

(b) Reduction of Sentence for Substantial Assistance. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's presentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence.

■ The Supreme Court has had occasion to address claims that federal prosecutors have failed to file statutory and guideline (although not Criminal Rule 35(b)) motions for sentence reductions in recognition of a defendant's substantial assistance in pursuing other criminal actions. In *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Court unambiguously held that, in these analogous situations (18 U.S.C. § 3553(e) and USSG § 5K1.1), a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. The Court also noted that the government is vested with the power, but not the duty, to make the motion, subject only to a review for unconstitutional motives for the failure to so file. *Id.* at 183–86, 112 S.Ct. 1840.

■ In the case at bar, the government has not made a Rule 35(b) motion and

Baker has not supplied any proof (or suggestion) that this decision was based on unconstitutional motives. Absent the appropriate government motion, the district court lacked any authority to pursue Baker's claims. In addition, the passing of one year from the imposition of Baker's sentence also means that the district court would be powerless to effect a Rule 35(b) reduction in the absence of evidence that the basis of the "substantial assistance" was not known to the defendant at the time of sentencing. *See also United States v. Doe*, 270 F.3d 413 (6th Cir.2001). An examination of the motions suggests that it is highly unlikely Baker's case would fit within this latter exception.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.