**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 01-8083

WILLIAM COGSWELL, a/k/a Sonny,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-99-167-A)

Submitted: May 13, 2002

Decided: June 4, 2002

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Thomas M.
Hollenhorst, Assistant United States Attorney, Alexandria, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Cogswell appeals the district court's order denying his motion to enforce his plea agreement. We affirm.

Cogswell pleaded guilty to conspiracy to distribute PCP. Paragraph ten of his plea agreement provided:

> The parties agree that the United States reserves its option to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K of the *Sentencing Guidelines and Policy Statements*, or Rule 35(b) of the Federal Rules of Criminal Procedure, if in its sole discretion, the United States determines that such a departure is appropriate. The parties agree that in cases where the United States does file such a motion, the United States reserves its option to file a further motion under 18 U.S.C. § 3553(e) to permit a departure under any applicable statutory minimum sentence, if in its sole discretion the United States determines that such a further motion is appropriate.

Cogswell was sentenced to eighty-four months in prison.

Following entry of his guilty plea, Cogswell was debriefed four times by law enforcement authorities. The prosecutor informed Cogswell by letter that the Government would not make a substantial assistance motion. Cogswell's "unpredictable and hostile demeanor during his debriefings" was noted. Furthermore, interviews with other conspirators established that Cogswell had provided "false and misleading information." As a result, the United States could use none of the information Cogswell had provided. Thus, Cogswell did not substantially assist law enforcement authorities.

Cogswell moved to enforce his plea agreement, arguing that he had, in fact, provided substantial assistance to the Government. He did not contend that the Government's refusal to file a substantial assistance motion was unconstitutional. Rather, he argued simply that

the Government had breached the plea agreement in the face of what Cogswell believed was substantial assistance.

When, as in this case, the plea agreement accords the Government "sole" discretion whether to file a substantial assistance motion, the defendant generally may not complain about the failure to file such a motion. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). The decision not to file a motion is reviewable if the defendant makes a substantial threshold showing that the Government's discretionary decision was unconstitutional. However, Cogswell has never even claimed, much less made the required showing, that the Government's decision sprang from an unconstitutional motive or that it was not rationally related to a legitimate governmental purpose. Therefore, we find that the district court did not err in denying the motion to enforce the plea agreement. *See Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Butler*, 272 F.3d 683, 686-87 (4th Cir. 2001); *United States v. Marks*, 244 F.3d 971, 974-75 (8th Cir. 2001).

The decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*