**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nellie E. HERNANDEZ, Defendant–**
**Appellant.**

**No. 01–4076.**

United States Court of Appeals,
Sixth Circuit.

Aug. 1, 2002.

Before KEITH, MOORE, and
GILMAN, Circuit Judges.

*ORDER*

This is a direct appeal from a district court judgment denying a motion for a sentence reduction filed on the authority of Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On October 11, 2000, Nellie E. Hernandez was found guilty after entering a plea to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The district court sentenced Hernandez to a fifty month term of imprisonment and a four year period of supervised release. Hernandez did not take a direct appeal from this judgment. On August 27, 2001, Hernandez filed a pleading styled as a "Motion to request for application of Rule 35" in which she asked for a sentence reduction under Criminal Rule 35. The district court sua sponte denied the motion with a margin entry and this appeal followed.

Hernandez was named in five counts of a thirty-seven count, multiple-defendant indictment for her part in a cocaine acquisition and distribution ring. Hernandez subsequently entered into a binding, Criminal Rule 11(e)(1)(B) plea agreement whereby the government committed, in part, to recommend a downward departure in Hernandez's base offense level pursuant to USSG § 5K1.1 in recognition of Hernandez's substantial assistance. The government made good on this commitment and the district court accepted the recommendation. Hernandez did not take a direct appeal from her conviction, in accordance with her Rule 11(e)(1)(B) commitment, but she did file a motion for a further sentence reduction under Criminal Rule 35 because she had "cooperated to the fullest." The district court made the margin entry "Denied" on the motion and Hernandez took the present appeal.

Ordinarily we would remand to the district court for an explanation of the one-word ruling "Denied." Applying de novo review as we must in these circumstances, we conclude however, that this appeal lacks merit. Fed.R.Crim.P. 35(b) reads as follows:

(b) Reduction of Sentence for Substantial Assistance. If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person, in accordance with the guidelines and policy statements issued by the Sentencing Commission under 28 U.S.C. § 994. The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed. In evaluating whether substantial assistance has been rendered, the court may consider the defendant's presentence assistance. In applying this subdivision, the court may reduce the sentence to a level below that established by statute as a minimum sentence. (Emphasis added.)

The Supreme Court has had occasion to address claims that federal prosecutors have failed to file statutory and guideline (although not Criminal Rule 35(b)) motions for sentence reductions in recognition of a defendant's substantial assistance in pursuing other criminal actions. In *Wade v. United States,* 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Court held that a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. The Court also noted that the government is vested with the power, but not the duty, to make the motion, subject only to a review

for unconstitutional motives for the failure to so file. *Id.* at 183–86 (construing 18 U.S.C. § 3553(e) and USSG § 5K1.1).

In the case at bar, the government has not made a Rule 35(b) motion and Hernandez did not supply any proof (or suggestion) that this decision was based on unconstitutional motives. Absent the appropriate government motion, the district court lacked any authority to consider Hernandez's motion. *See also United States v. Doe,* 270 F.3d 413 (6th Cir.2001) (affirming decision to dismiss defendant's Rule 35(b) motion for lack of subject matter jurisdiction as the government had not complied with Rule 35(b)'s statute of limitations), *cert. denied,* —— U.S. ——, 122 S.Ct. 1982, 152 L.Ed.2d 1039 (2002).

We affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.