**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David James RATLIFF [01–5336];**

**James Franklin [01–5337], Defendants–Appellants.**

**Nos.  01–5336, 01–5337.**

United States Court of Appeals,
Sixth Circuit.

Jan. 7, 2003.

Before KENNEDY and MOORE, Circuit Judges, and DOWD, District Judge.*

PER CURIAM.

Defendants James Franklin and David James Ratliff appeal from the district court's order denying the government's motion to reduce their sentences pursuant to Fed.R.Crim.P. 35(b).

Franklin and Ratliff pled guilty to drug and firearm charges, and were convicted and sentenced on February 28, 1996. At the time of sentencing, they possessed information regarding drug activity in Chicago; however, federal prosecutors were not at that time investigating such activity, and the defendants did not realize their

information might be valuable. In 1999, federal prosecutors realized the usefulness of the defendants' information, and sought their cooperation. The defendants both readily cooperated, providing information as well as testimony before the grand jury and at a trial which led to the conviction of four members of a major drug ring.

On August 10, 2000, the government filed a motion to reduce their sentences pursuant to Rule 35(b). The district court held that it lacked jurisdiction to reduce the defendants' sentences under Rule 35(b) because the motion for reduction was made more than one year after sentencing, and the defendants had the relevant information at the time they were sentenced. At the time the district court made its ruling, Rule 35(b) stated, in relevant part:

> If the Government so moves within one year after the sentence is imposed, the court may reduce a sentence to reflect a defendant's subsequent substantial assistance in investigating or prosecuting another person.... The court may consider a government motion to reduce a sentence made one year or more after the sentence is imposed if the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after sentence is imposed.

Fed.R.Crim.P. 35(b).

The district court's interpretation of Rule 35(b)'s time limitation was consistent with this Court's jurisprudence on the subject. *See United States v. Doe*, 270 F.3d 413 (6th Cir.2001) (holding that "the government's failure to file a timely motion for sentence reduction is a jurisdictional bar to the court's ability to consider the motion.").[1] However, as of December 1, 2002.

---

* The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation.

1. The defendants had filed a motion to strike the United States' brief on the grounds that: (a) the act of filing a brief in support of the district court's denial of the motion violates

Rule 35(b) has been amended. Amended Rule 35(b) states, in relevant part:

> Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved: (A) information not known to the defendant until one year or more after sentencing; (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed.R.Crim.P. 35(b)(2).

The Supreme Court's order adopting this amendment states that the amendment "shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of April 29, 2002, ¶ 2. Ratliff and Franklin's appeal of their sentence based on Rule 35(b) is pending, and we find it both just and practicable to apply the rule as amended. We therefore REVERSE and REMAND for reconsideration of the government's motion in light of the December 1, 2002 amendments to Fed.R.Crim.P. 35(b).

the terms of its cooperation agreement with defendants, and; (b) the United States should be estopped from arguing a position on appeal contrary to the position taken before the lower court. Because we find that the merits of this case are unambiguously resolved by the amendment to Rule 35(b), resolution of this motion would have no effect on the outcome of this case, and we find that it is moot.