**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cazembe Sokoni BASKIN,**
**Defendant–Appellant.**

No. 02–2400.

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

632

B. Rene Shekmer, Grand Rapids, MI, for Plaintiff-Appellee.

Cazembe Sokoni Baskin, Beaumont, TX, for Defendant-Appellant.

Before ROGERS and COOK, Circuit Judges; and BERTELSMAN, District Judge.[*]

*ORDER*

Cazembe Sokoni Baskin appeals a district court order denying his motion to modify his sentence filed under Fed. R.Crim.P. 35(b). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Baskin pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). The plea agreement between the parties required Baskin to cooperate with the government, but it did not contain any promise that the government would file a motion for sentence reduction under either USSG § 5K1.1 or Fed.R.Crim.P. 35(b).

Nonetheless, the government filed a § 5K1.1 motion for downward departure, which the district court granted. The court sentenced Baskin to 180 months of imprisonment, five years of supervised release, and imposed a $6,780 fine and a $100 special assessment.

In July 2002, Baskin filed a Rule 35(b) motion for a reduction of sentence, arguing that he is entitled to a sentence reduction and that the government had breached the plea agreement by not filing a Rule 35(b) motion despite his continued assistance and his testimony in the trial of an individual named Arnodo Canoe Dezas (Dezas). Upon review, the district court noted that only the government could file a Rule 35(b) motion, and it denied Baskin's motion for a lack of jurisdiction. Baskin has filed a timely appeal reasserting his claim.

The district court properly denied Baskin's Rule 35(b) motion. Ordinarily, the decision to grant or deny a Rule 35(b) motion is left to the sound discretion of the district court. *See United States v. Griffin,* 17 F.3d 269, 270 (8th Cir.1994); *United States v. Brummett,* 786 F.2d 720, 723 (6th Cir.1986) (version of Criminal Rule 35 applicable to offenses committed prior to November 1, 1987). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). In the case at bar, the district court sua sponte denied the motion for lack of jurisdiction. Hence, the court's judgment should be reviewed de novo. *See, e.g., Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir.1997) (this court reviews de

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

novo a district court's dismissal for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1)).

The Supreme Court has had occasion to address claims that federal prosecutors have failed to file statutory and guideline (although not Criminal Rule 35(b)) motions for sentence reductions in recognition of a defendant's substantial assistance in pursuing other criminal actions. In *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Court held that a district court lacks the authority to effect a "substantial assistance" sentencing reduction in the absence of the appropriate government motion. The Court also noted that the government is vested with the power, but not the duty, to make the motion, subject only to a review for unconstitutional motives for the failure to so file. *Id.* at 183–86, 112 S.Ct. 1840 (construing 18 U.S.C. § 3553(e) and USSG § 5K1.1).

In the instant case, the government has not made a Rule 35(b) motion and Baskin has supplied no evidence (or even suggestion) that this decision was based upon an unconstitutional motive. Absent the appropriate government motion, the district court lacked authority to consider Baskin's motion. *See United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir.1996); *United States v. Early*, 27 F.3d 140, 141 (5th Cir.1994); *see also United States v. Doe*, 270 F.3d 413, 414 (6th Cir.2001) (affirming decision to dismiss defendant's Rule 35(b) motion for lack of subject matter jurisdiction as the government had not complied with Rule 35(b)'s statute of limitations), *cert. denied*, 535 U.S. 1087, 122 S.Ct. 1982, 152 L.Ed.2d 1039 (2002). Finally, a review of the plea agreement clearly reflects that the government was not obligated to file a Rule 35(b) motion. Hence, the district court properly denied the motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.