# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3655

_____

United States of America

*Plaintiff - Appellee*

v.

Russell B. Marks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 12, 2014
Filed: October 10, 2014

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Russell Marks appeals the district court's denial of his motion for an evidentiary hearing on Marks's claim that the government improperly refused to move to reduce his sentence for a previous conviction. Marks also has moved (1) for sanctions against the Assistant United States Attorney (AUSA) who prosecuted him in his criminal case, (2) for this court to take judicial notice of various documents,

and (3) to recall the mandate in his direct appeal from his original conviction. We conclude that the district court[1] did not abuse its discretion in denying the motion, and we affirm the judgment. We also deny Marks's motions for sanctions and to recall the mandate but grant his motion for judicial notice.

## I. Background

In 1992, Marks pleaded guilty to conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and to launder money, 18 U.S.C. § 371. He was sentenced to life imprisonment. We affirmed his conviction and sentence. United States v. Marks (Marks I), 38 F.3d 1009 (8th Cir. 1994). Marks later moved to vacate his sentence under 28 U.S.C. § 2255, but the district court denied that motion, and we denied Marks a certificate of appealability.

In 1999, Marks's attorney contacted the AUSA assigned to his criminal case and informed her that Marks had learned that two inmates in his prison had crafted a key that fit various locks within the prison and that they were going to use the key to escape. In exchange for the information, Marks sought a motion from the government to reduce his sentence under Federal Rule of Criminal Procedure 35(b). The AUSA did not promise to make a motion but did pass along his information to prison authorities. The two inmates eventually were transferred to a maximum-security prison, but no criminal charges were filed against them. The AUSA then told Marks's attorney that she would not be filing a motion to reduce his sentence because he had not "participated in a meaningful way in preventing" a crime. United States v. Marks (Marks II), 244 F.3d 971, 973 (8th Cir. 2001).

---

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Marks then moved to compel the government to file the motion requesting a reduction in his sentence. Marks characterized the exchange between him and the government as a "contract" between the two parties: He would provide information regarding criminal activity, and the government would file the Rule 35(b) motion to reduce his sentence. Marks sought "specific performance" of the "contract." Marks II, 244 F.3d at 973–74.

The district court held an evidentiary hearing on the motion, at which the AUSA whom Marks had contacted testified. The AUSA said that Marks's cooperation was not substantial because officials at the prison never believed that an escape had been attempted, and thus a motion to reduce his sentence was not warranted. The court agreed with Marks that there was an "understanding" between the parties that the government would file the Rule 35(b) motion if it concluded that Marks provided substantial assistance. The court, however, denied Marks's motion and concluded that the terms of the agreement were not definite enough to justify enforcing it.

Marks appealed, and we affirmed. We agreed with the district court that there was an agreement between the parties but disagreed that the agreement was not enforceable. Marks II, 244 F.3d at 974. We noted that each party's obligations under the agreement were clear, and each party had performed its respective side: Marks had provided information, and the government had evaluated it for substantial assistance. Id. But as we explained, the government had not unconditionally promised to file the motion to reduce Marks's sentence; it had promised "simply to consider, in the government's sole discretion, whether Marks provided substantial assistance and, *only if he did*, to submit to the District Court" the motion. Id. Because Marks had not made a "substantial threshold showing" that the government acted arbitrarily or in bad faith in its decision not to file the motion, we could not review the government's conclusion that Marks's assistance was not substantial. Id. at 975–76 (quoting Wade v. United States, 504 U.S. 181, 186 (1992)). Nor was

Marks entitled to a remand to the district court where, he insisted, he would show that the government's refusal to file the motion was in bad faith.  Id.

Marks then moved to reconsider the district court's ruling on his motion to compel.  The district court denied the motion, and we dismissed Marks's appeal.  Marks again moved to compel specific performance by the government, but the district court again denied the motion.  We construed Marks's appeal as an attempt to file a successive § 2255 motion, denied him authorization to do so, and dismissed the appeal.  See 28 U.S.C. § 2244(b).

In 2013, Marks filed seven motions in the district court, including a renewed motion to compel the government to evaluate his assistance and, relevant to this appeal, a motion for an evidentiary hearing.  To these motions Marks attached new documents, including a declaration from Joseph Gunja, a former Deputy Warden of the prison where Marks is held.  In that declaration, Gunja expresses his disagreement with the AUSA's conclusion that Marks had not provided substantial assistance, calling the lack of credit given to Marks "a travesty of justice."

The district court denied all of Marks's motions and reiterated our conclusion in Marks II that Marks had failed to show that the AUSA had acted improperly or in bad faith.  The court also rejected the relevance of Gunja's declaration, noting that "his view on the matter does not matter."  Last, the court reminded Marks that criminal charges never were filed against the inmates who allegedly attempted to escape.  That fact, the court concluded, demonstrates "the absence of improper motives" on the AUSA's part and underscores her determination that Marks did not provide substantial assistance warranting a motion to reduce his sentence.

## II. Discussion

Marks appeals only the district court's decision denying him an evidentiary hearing on his claim that the government in bad faith refused to move for a reduction in his sentence under Rule 35(b). He maintains that, despite our ruling in Marks II, the government never genuinely or in good faith considered his cooperation. He insists that the government should have contacted Gunja and attempted to reconcile his declaration with previous information from other prison officials who said Marks's assistance had not been substantial.

In order for Marks to be entitled to an evidentiary hearing, he must have made a "substantial threshold showing" that the government's refusal to make a Rule 35(b) motion was in bad faith or premised on an improper motive. Wade, 504 U.S. at 186 (quotation omitted); United States v. Perez, 526 F.3d 1135, 1138 (8th Cir. 2008). "This threshold showing requires more than the presentation of evidence of substantial assistance and general allegations of improper motive because we presume a prosecutor has properly discharged her duties absent clear evidence to the contrary." Perez, 526 F.3d at 1138 (quotation omitted). We review the district court's decision to deny an evidentiary hearing for abuse of discretion. Thomas v. United States, 737 F.3d 1202, 1206 (8th Cir. 2013).

Because we previously decided that Marks did not make a substantial threshold showing that the government relied on an improper factor in declining to file a Rule 35(b) motion, we will not revisit that decision "unless a party introduces evidence that is substantially different, or the prior decision is clearly erroneous and manifestly unjust." United States v. Mitchell, 528 F.3d 1034, 1040 (8th Cir. 2008); United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995).

We cannot conclude that the district court abused its discretion. Though Marks arguably has provided "new" information—the declaration from former Deputy

Warden Gunja—that evidence is not "substantially different" from the record that previously was before us. Nor does Gunja's statement reveal that our previous decision was clearly erroneous; rather, his statement evinces only a differing of opinions regarding Marks's assistance between the other prison officials and the AUSA, who declined to file the motion, and Gunja, who believes that a motion should have been filed. At most, the conflicting statements constitute a "general allegation" of an improper motive of the government. Perez, 526 F.3d at 1138.

Marks argues that this situation mirrors the facts in United States v. Pipes, 125 F.3d 638 (8th Cir. 1997). We disagree. In Pipes, the defendant relayed information to FBI agents in Oklahoma that assisted in the prosecution of Akale Green, who Pipes knew had been involved with controlled substances in Nebraska. Id. at 640–41. FBI officials in Oklahoma first considered the information "helpful," but later the Oklahoma prosecutor abruptly turned "about-face" and accused Pipes of providing false information. Id. at 641. We concluded that an evidentiary hearing was justified to determine whether Pipes had given truthful information that led to federal criminal charges against Green. Id. at 642.

As opposed to the facts in Pipes, no one except Marks and Gunja, through a belated declaration, believed that Marks's assistance was substantial enough to warrant a Rule 35(b) motion. The AUSA who testified at the evidentiary hearing in 2000 said that no prison official believed an escape attempt had been stymied thanks to Marks's information. Moreover, as the district court noted, no criminal charges were brought against the inmates who allegedly had been planning an escape. To be clear, the question before us is not whether Marks is entitled to a reduction in his sentence; nor are we being asked whether his assistance should have been considered substantial. Instead, we are answering only whether Marks has made a substantial threshold showing of bad faith to warrant an evidentiary hearing on the matter. We decided in Marks's previous appeal that he had not made that showing, Marks II, 244 F.3d at 975–76; he still has not.

As a final matter, we grant Marks's motion to take judicial notice of the documents he attached. We construe his motion to recall the mandate as a successive motion to vacate his sentence, and because Marks cites no new rule of constitutional law or new facts showing that he is innocent, we deny authorization to file that successive motion. See 28 U.S.C. § 2244(b)(2). Last, because Marks has not made even a threshold showing of bad faith by the AUSA, we cannot conclude that she has displayed "conduct unbecoming a member of the bar," Fed. R. App. P. 46(c), and sanctions against her are inappropriate.

## III. Conclusion

Marks has not established a substantial threshold showing that the government's decision not to file a Rule 35(b) motion in his criminal case was made in bad faith or based on an improper motive. The district court did not abuse its discretion in denying Marks an evidentiary hearing, and the judgment is therefore affirmed.

_____