**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS TARIN ELLIS,

    Defendant - Appellant.

No. 08-7054
(D. Ct. Nos. 6:07-CV-0405-RAW and
CR-05-53-RAW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Defendant-Appellant Marcus Ellis, a federal prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal from the district court's denial of his

habeas corpus petition brought under 28 U.S.C. § 2255.  We take jurisdiction under 28

U.S.C. § 1291, we DENY Mr. Ellis's request for a COA, and we DISMISS this appeal.

## I.  BACKGROUND

A jury convicted Mr. Ellis of conspiracy to possess with intent to distribute

methamphetamine, cocaine, and cocaine base, as well as possession with intent to

distribute and distribution of five or more grams of methamphetamine.  *See* 21 U.S.C. §

846; § 841(a)(1); § 841(b)(1)(B).  He was sentenced to 361 months in prison, followed by

eight years of supervised release.  On appeal, this court affirmed the conviction and the

sentence. *United States v. Ellis*, 193 Fed.Appx. 773, 2006 WL 2411461, at *5 (10th Cir. Aug. 22, 2006). Mr. Ellis then filed a petition for habeas corpus in the district court, seeking to have his conviction overturned or his sentence vacated. The district court denied the habeas petition without an evidentiary hearing and did not rule on Mr. Ellis's request for a COA. As a result, Mr. Ellis now seeks a COA from this court.

## II. DISCUSSION

We will issue a COA to appeal from the denial of a habeas petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his § 2255 petition and subsequent application to this court for a COA, Mr. Ellis argues that the district court violated his due process rights during sentencing and that he was denied the effective assistance of counsel when his attorney did not move to dismiss the case for a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the prosecution's suppressing material evidence that is favorable to the defendant is a due process violation). We will address Mr. Ellis's two arguments individually.

The district court determined that Mr. Ellis's sentencing claim was procedurally barred. Thus, Mr. Ellis must demonstrate that reasonable jurists could debate whether he has stated a valid claim and whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484. The sentencing claim was procedurally barred because Mr. Ellis did not raise the sentencing issue on direct appeal. Petitions under § 2255 "are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). In order to raise this issue in his § 2255 petition, Mr. Ellis must demonstrate good cause for the issue not being presented on appeal, as well as prejudice resulting from the alleged errors; or, Mr. Ellis must show that the court's failure to address the claim would be a "fundamental miscarriage of justice." *Id.* Mr. Ellis cannot meet this burden.

Mr. Ellis argues that he was unlawfully sentenced above the twenty-year statutory maximum set forth in 21 U.S.C. § 841(b)(1)(C). He claims that for a sentence to be increased above that maximum, the jury must find a specific drug quantity beyond a reasonable doubt. This court has ruled, however, that a district court may impose a higher sentence under § 841(b)(1)(A) or (B), which set forth particular sentences based on benchmark quantities of drugs, so long as a jury finds the benchmark is met. *United States v. Jones*, 235 F.3d 1231, 1236 (10th Cir. 2000). In this case, the jury found in its special verdict that the conspiracy offense involved at least five grams of methamphetamine, at least five grams of cocaine base, and at least 500 grams of cocaine powder; the jury also found that the distribution offense involved at least five grams of

- 3 -

methamphetamine.  Both findings thus supported a maximum sentence of forty, rather than twenty, years in prison on each count of conviction.  *See* 21 U.S.C. § 841(b)(1)(B).

Mr. Ellis points to no good cause for failing to raise this due process issue on appeal.  Although good cause may be shown by demonstrating ineffectiveness of counsel,[1] s*ee Jones*, 235 F.3d at 1236, there is no evidence that Mr. Ellis's counsel was ineffective on this issue.  His counsel objected to the sentencing conclusions in the pre-sentence report, but the district court overruled the objection.  Counsel's decision not to appeal the issue was entirely appropriate, given that the district court's application of the drug enhancement was in line with our precedent.  In addition, the analysis above demonstrates that failing to address this issue would not be a "miscarriage of justice." We hold, therefore, that reasonable jurists would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right" or whether the district court properly deemed the claim procedurally barred.  *See Slack*, 529 U.S. at 484.

The second issue raised in Mr. Ellis's § 2255 petition and application for a COA is the alleged ineffectiveness of his counsel in not moving to dismiss the case.  Mr. Ellis claims his counsel should have moved for dismissal based on a *Brady* violation.  *See Brady*, 373 U.S. at 87.  In *Brady*, the Supreme Court held that where the prosecution withholds evidence from the defense that is material to guilt or punishment, the

---

[1]Mr. Ellis's allegations of ineffective counsel are addressed specifically to the *Brady* claim.  However, we liberally construe the arguments of a pro se petitioner.  *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008).  We will therefore consider whether the petitioner's counsel was so ineffective as to warrant consideration of the sentencing issue.

government violates the defendant's due process rights. *Id.* The issue in this case, however, was a minor discovery matter that did not rise to the level of a constitutional violation.

At trial, a Bureau of Indian Affairs agent testified on cross-examination that a certain informant had been paid for his cooperation in assisting the government with controlled drug purchases from Mr. Ellis. The fact that the informant had been paid was previously unknown to both the government and the defense. Defense counsel moved for a mistrial. The court denied the motion but gave defense counsel a day to revise his cross-examination. Counsel renewed the motion for a mistrial at the close of the government's evidence, and again at the close of all evidence. He did not move to dismiss the case against his client.

To be entitled to relief on this claim, Mr. Ellis must show that his counsel fell below an objective standard of reasonableness, resulting in prejudice to Mr. Ellis. *See Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). Mr. Ellis has not demonstrated that his counsel's performance was deficient. The underlying issue was, at most, a discovery violation. We have held that a case should not be dismissed for a discovery violation in the absence of bad faith or prejudice. *See United States v. Dennison*, 891 F.2d 255, 260 (10th Cir. 1989). In this case, there was no evidence of bad faith by the government or prejudice to the defendant. The Bureau of Indian Affairs agent said he had not revealed to either side that the informant had been paid, and defense counsel had ample time to revise his cross-examination based on the new information.

With no grounds for dismissal, Mr. Ellis's counsel acted appropriately in moving for a mistrial. The district court concluded that Mr. Ellis's counsel was effective, and Mr. Ellis has failed to demonstrate that reasonable jurists would find that conclusion to be "debatable or wrong." *See Slack*, 529 U.S. at 484.

## III. CONCLUSION

On the sentencing issue, Mr. Ellis has failed to demonstrate that reasonable jurists could debate whether he has stated a valid claim or whether the claim was procedurally barred. On the ineffective assistance of counsel issue, Mr. Ellis has failed to demonstrate that reasonable jurists could debate the district court's conclusion that his counsel was effective. We therefore DENY the appellant's request for a COA and DISMISS the appeal. Appellant's motion to proceed in forma pauperis is granted.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 6 -