FILED
United States Court of Appeals
Tenth Circuit

June 5, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS TARIN ELLIS,

Defendant - Appellant.

No. 09-7009

(E.D. Oklahoma)

(D.C. No. 6:05-CR-00053-RAW-1)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

In 2005 Marcus Tarin Ellis was convicted by a jury of conspiring to possess cocaine, cocaine base, and methamphetamine with intent to distribute, *see* 21 U.S.C. § 846; and of possession with intent to distribute and distribution of methamphetamine, *see id.* § 841. The presentence report (PSR) grouped Mr. Ellis's drug offenses and calculated a single offense level of 36 based on the drug quantities involved. It added four levels for Mr. Ellis's role as an organizer,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*see* USSG § 3B1.1(a), for an adjusted base offense level of 40. His criminal-history category was IV, so his sentencing guideline range was 360 months to life. At sentencing, the district court adopted the PSR as the factual basis for Mr. Ellis's sentence and sentenced him to 361 months' imprisonment, at the low end of the guideline range.

In December 2008 Mr. Ellis filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c), invoking amendments to the sentencing guidelines that reduced by two levels the base offense level for most crack-cocaine offenses. In support of his motion, he argued that he was entitled to a reduction beyond the two-level decrease. The probation office prepared an addendum to the presentence report to apply the guideline amendments for polydrug offenses involving cocaine base and other substances. *See* USSG § 2D1.1 cmt. n.10(D); *id.* supp. to app. C, amend. 715 (May 1, 2008) (revising polydrug offense levels when one of the drugs is cocaine base); *id.* amend. 716 (May 1, 2008) (making amendment 715 retroactive). Application note 10(D) to USSG § 2D1.1, as modified by retroactive amendment 715, directs courts to find the combined base offense level for all substances involved in the polydrug offense by converting them to marijuana-equivalent quantities, and then reduce that combined offense level by two. (Exceptions to this formula are not relevant here.) The resulting guideline range was 324 to 405 months. The district court noted that Mr. Ellis's original sentence was at the low end of the guideline range but determined that

his conduct in prison—"a sanctioned violation of [Bureau of Prisons] policy, as well as his limited participation in educational or vocational programs"—did not warrant a sentence at the low end of the revised range. R. Vol. 1 at 68. The court expressly considered the 18 U.S.C. § 3553(a) sentencing factors and reduced Mr. Ellis's sentence from 361 to 336 months.

On appeal Mr. Ellis contends that he was entitled to a greater reduction because the district court failed to give effect to the Sentencing Commission's "intent to reduce the sentencing guidelines in accordance with a ratio of 20 to 1." Aplt. Br. at 5. But the district court calculated his offense level strictly in compliance with the commission's amended guidelines. He also says that the district court gave only "a rote statement that [it] considered 18 U.S.C. § 3553," Aplt. Reply Br. at 2; but "[w]e do not require the district court to recite any magic words to show us that it fulfilled its responsibility to consider the § 3553(a) factors." *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009) (internal quotation marks omitted). Finally, to the extent that Mr. Ellis contends that the district court should have imposed a sentence below the revised guideline range, this argument is foreclosed by *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), in which we held that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply to sentence-modification proceedings under 18 U.S.C. § 3582(c).

We AFFIRM the district court.  We GRANT Mr. Ellis's motion to proceed

*in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge