**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS TARIN ELLIS,

    Defendant - Appellant.

No. 20-7006
(D.C. No. 6:05-CR-00053-RAW-1)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.[**]
_____

Defendant Marcus Tarin Ellis is serving concurrent sentences on a pair of federal drug offenses. To remedy that predicament, he moved the district court to reduce his sentence pursuant to the First Step Act of 2018. The district court dismissed Defendant's motion for lack of jurisdiction, and, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.

In 2005, a jury convicted Defendant on two federal drug charges. First, for conspiracy to possess with intent to distribute and distribution of cocaine, cocaine base ("crack"), and methamphetamine, in violation of 21 U.S.C. § 846. Doc. 57.[1] And second, for possession with intent to distribute and distribution of methamphetamine, in violation of §§ 841(a)(1) and 841(b)(1)(B)(viii) (providing the statutory penalty range for a violation of (a)(1) involving 5 grams or more of meth). Id. The district court sentenced Defendant to a term of 361 months' imprisonment on each count, to run concurrently. Id. We affirmed both convictions and both sentences on direct appeal. United States v. Ellis, 193 F. App'x. 773 (10th Cir. 2006).

In 2007, Defendant moved for relief under 28 U.S.C. § 2255 arguing ineffective assistance of counsel. Doc. 71. The district court denied that motion by docket text order, and we affirmed. United States v. Ellis, 298 F. App'x 752 (10th Cir. 2008). The next year, Defendant moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) because the Sentencing Commission reduced the guidelines range for his crimes. Doc. 73. The district court granted the motion and adjusted

---

[1] Defendant failed to include some of the relevant documents from the district court in the record on appeal. Because he is proceeding pro se, we act on our authority to take judicial notice of the district court filings. See Bunn v. Perdue, 966 F.3d 1094, 1096 n.4 (10th Cir. 2020). We draw the factual and procedural background of this case from the district court docket and documents filed thereon. Thus, we format citations to documents on the district court docket as "Doc. [docket entry number(s)]."

Defendant's sentences to 336 months' imprisonment each. Doc. 77. We affirmed that decision as well. United States v. Ellis, 332 F. App'x 471 (10th Cir. 2009). In 2012, Defendant again moved for a reduction under § 3582(c)(2), but the district court denied relief. Docs. 86, 89. Defendant brought his final § 3582(c)(2) motion in 2015, which the district court granted, reducing Defendant's sentences to 262 months' imprisonment each. Docs. 98, 100.

Meanwhile, Congress passed the Fair Sentencing Act of 2010, which adjusted the amounts of "crack" cocaine necessary to trigger certain statutory penalties in 21 U.S.C. § 841(b). Dorsey v. United States, 567 U.S. 260, 268–69 (2012). That act sought to remedy the vast disparity in sentences for defendants whose crimes involved crack and those whose crimes involved powder cocaine. Id. The new scheme only applied, however, to defendants sentenced after August 3, 2010. Id. at 281–82. Congress later made the Fair Sentencing Act's provisions retroactively applicable to certain defendants sentenced before that date via the First Step Act of 2018. United States v. Mannie, 971 F.3d 1145, 1148–49 (10th Cir. 2020). Believing himself eligible for relief under the First Step Act, Defendant filed a motion to that effect in 2019. Doc. 107. The district court dismissed Defendant's motion for lack of jurisdiction, Doc. 112, and Defendant appealed.

## II.

Generally, we review the grant or denial of a First Step Act motion for abuse of discretion. Mannie, 971 F.3d at 1155. This case, however, presents a

3

jurisdictional question, which we review de novo. See United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014).

III.

Federal courts, being courts of limited jurisdiction, must always be sure of their own subject-matter jurisdiction, including that the party seeking relief has standing. Navajo Nation v. Dalley, 896 F.3d 1196, 1203 (10th Cir. 2018). Standing, as an essential part of Article III's "case and controversy" requirement, is a fundamental limitation on the federal courts' constitutionally granted jurisdiction. See Mannie, 971 F.3d at 1152. A district court may "modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." Id. at 1151 (quoting Baker, 769 F.3d at 1198). So a defendant who moves a federal district court to modify his sentence must convince the district court that it possesses both constitutional and statutory jurisdiction over his motion.

The district court convicted and sentenced Defendant on two counts. One for conspiracy involving several drugs, including "crack" cocaine, in violation of 21 U.S.C. § 846. And one for possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). Because Defendant is not eligible for a reduction in his sentence for the second count under the First Step Act, the district court lacked statutory jurisdiction to reduce that sentence. Contra Mannie, 971 F.3d at 1151–52. Defendant's two sentences run concurrently. Thus, his total time of imprisonment would remain unchanged even if he received a reduction of his sentence for count one. As a result, Defendant lacks standing to

4

bring a First Step Act motion and the district court lacked constitutional jurisdiction to consider his motion.

A.

Congress has granted that a district court "may modify an imposed term of imprisonment to the extent [] expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The Fair Sentencing Act of 2010 and the First Step Act of 2018 are two such statutes. Mannie, 971 F.3d at 1148. The First Step Act provides standards for determining which defendants are eligible for a reduced sentence and for determining how to calculate the reduction:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

>  . . .

First Step Act of 2018, Pub L. 115–391, § 404, 132 Stat. 5194, 5222.

Whether § 404(a) considers count two a "covered offense" turns on which "violation[s] of a Federal criminal statute" §§ 2 and 3 of the Fair Sentencing Act modified. Relevant here, the Fair Sentencing Act provides:

> (a) CSA.—Section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) is amended—

(1) in subparagraph (A)(iii), by striking "50 grams" and inserting "280 grams"; and

(2) in subparagraph (B)(iii), by striking "5 grams" and inserting "28 grams".

. . .

Fair Sentencing Act of 2010, Pub. L. 111–220 § 2, 124 Stat. 2372, 2372. So, a "covered offense" is one for which 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii) sets the statutory penalty range. See Mannie, 971 F.3d at 1152. See also United States v. Jones, 962 F.3d 1290, 1300–01 (11th Cir. 2020). But § 841(b)(1)(B)(viii) sets the statutory penalty range for Defendant's conviction on count two. The First Step Act, then, does not cover that offense, making Defendant ineligible for a reduction of that sentence under the First Step Act. Contra Mannie, 971 F.3d at 1152. Thus, Congress has not, via the First Step Act at least, expressly granted jurisdiction to reduce Defendant's sentence on count two.

## B.

We now turn to standing. "Constitutional standing has three requirements: injury in fact, traceability, and redressability." Mannie, 971 F.3d at 1152–53. "An offender who challenges his conviction or his sentence has standing to do so because 'the ongoing incarceration constitutes an injury from which the defendant seeks relief . . . .'" Id. at 1153 (quoting United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000)). "Because the only injury that can be alleged in a [First Step Act] motion is the ongoing incarceration, the offender only has standing to bring a [First Step Act] motion to the extent that the court could redress the offender's ongoing incarceration." Id. "Put simply, if reducing an offender's sentence under the [First

6

Step Act] does not have the effect of actually reducing the offender's length of incarceration, then the court cannot redress the offender's injury under the [First Step Act]." Id. "If the court cannot redress the offender's injury, then the offender does not have standing, a live controversy is not present, and the court does not have jurisdiction." Id.

The Sentencing Commission reduced the guideline sentence range for Defendant's crimes, and the district court adjusted Defendant's sentences to the bottom of that new range. Thus, the district court has exhausted its authority to reduce Defendant's sentences pursuant to § 3582(c)(2). See Mannie, 971 F.3d at 1153–54. And count two is not a "covered offense" for the First Step Act. So the district court lacked authority under either § 3582(c)(1)(B) or (c)(2) to reduce Defendant's sentence for count two. See id.

Because Defendant's sentences run concurrently with each other and this proceeding cannot change his sentence for count two, any reduction of Defendant's sentence for count one would not reduce his actual length of incarceration. See id. Therefore, the district court could not redress Defendant's injury, Defendant lacked standing, and the district court lacked constitutional jurisdiction. See id.

Accordingly, the district court properly dismissed Defendant's motion.[2]

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[2] In addition, Defendant's argument that the district court should have held a hearing on his First Step Act motion lacks merit because whether to hold a hearing "fall[s] within the inherent authority of the district court to administer its own docket." Mannie, 971 F.3d at 1157. Because the district court rightly determined, based on the papers, that it did not possess jurisdiction over Defendant's motion, it did not abuse its discretion by declining to hold a hearing.